## DOE, EX DEM. ALEXANDER v. COLLINS, ET ALS.

1. In an action of ejectment, a conveyance by the lessor of the plaintiff, of all his right, title and interest, to the land in dispute, made to the defendant, pending the action, may be pleaded *puis darrein continuance.*

2. Whether in such a case a technical release could be pleaded—*Quere?*

Appeal to the Circuit Court of Mobile.

EJECTMENT, for a lot in the city of Mobile, by the plaintiff against the defendants in error.

The defendants pleaded not guilty, and a special plea, that since the institution of the suit, the lessor of the plaintiffs, has released to the said defendants, his entire interest, right and claim, in the premises, in the declaration mentioned, which deed of release, sealed with the seal of the said lessor, is now in Court ready to be shown, and this the said defendants are ready to verify, wherefore, &c. To this plea there was a demurrer, which the Court overruled, and rendered judgment for the defendants, whereupon the plaintiff prayed and obtained an appeal.

The error assigned, is, in overruling the demurrer to the second plea.

HOPKINS, for the plaintiff in error, insisted, that the plea was bad, and cited 4 M. & S. 301; Adams on Ejectment, 246.

CAMPBELL, for the defendants in error, contra. The pleas were filed together, under the consent rule. [3 Ala. Rep. 200.]

It is admitted that the plea is not considered a good one in England, but it is sustained in this country. [2 Wend. 541; 9 Johnson 55; 10 Id. 464, 12 Id. 490; 7 Dana, 36.]

The whole question seems to be, whether the Court will notice the fiction by which the action is maintained, for it cannot be doubted, that in trespass to try title, the plea would be good. The Court will look through the form, to the substance. It is an insult to common sense to say, that because *John Doe* is introduced on the record, a release from the person really interested cannot be pleaded. The contrary doctrine, is an encouragement to champerty. [11 Mass. 549; 7 Id. 76; 1 Mar. 114.]

ORMOND, J.—The plea in this case, as we understand it, sets up in bar of the further prosecution of the suit, a conveyance by deed, from the lessor of the plaintiff, of his right, and title, in the premises sued for, to the defendants. Although the plea is demurred to, *oyer* is not craved of the deed, nor is it

Doe, ex dem. Alexander v. Collins, et als.

set out, we judge of it therefore, from the allegations of the plea. So considering it, the question to be determined is, whether a conveyance by the lessor of the plaintiff, of all his right, title, and interest, in the land in dispute, made pending the cause, may not be pleaded *puis darrein continuance* in bar of the further prosecution of the suit.

The proceedings in the action of ejectment, are fictitious; but under the direction of the Court, are so moulded, as to enable the real parties to try their right to the land in dispute. Although John Doe is the plaintiff on the record, it is the title of the lessor that is in controversy; it would seem, therefore, very strange, that if the real plaintiff was willing to relinquish his title to the defendant, and thereby put an end to the litigation, that the fiction introduced for the furtherance of justice, would prevent its being done.

In the State of New York, such a plea as this is considered good, as is shown by the cases cited by the counsel for the defendants in error; but it appears to be there considered, that they differ from the English Courts. In *Jackson v. McLoskey*, 2 Wendell, 543, the Court says: "In England a release by a lessor of the plaintiff, is no bar. They there look to the nominal plaintiff as the real party. [4 Maule. & Sel. 301.] This Court has long been in the practice of considering the parties as they really are; the lessors as the parties in interest, and the nominal plaintiff, as an ideal and fictitious person; and we endeavour to practice on the maxim, that fiction shall do no prejudice."

We must be permitted to say, that but for this opinion so expressed, we should not have understood Lord Ellenborough in the case of Byrd v. Byre, referred to in 4th M. & S. 301, as speaking of a conveyance by the lessor to the plaintiff, of the land in dispute, to the defendant; but of a release merely, of the action. It is so stated in the brief statement of the case by the reporter. Lord Ellenborough says: "Looking to the record, we must consider those as real parties to the action, who are parties upon the record, and the real parties alone are qualified to release the action. For this purpose, the action must be taken with all its consequences, as if it was really pending between these parties. For other purposes, indeed, we treat it, as it really is, a fictitious action; but as matter upon

Doe, ex dem. Alexander v. Collins, et als.

the record, it must be taken as if really between the parties to it." Mr. Justice Bayley says: " In Aslin v. Parkin, Lord Mansfield was not considering how the matter stood as between the parties upon record, but independently of the record. As it regards the record, we must consider *John Doe* as the real party."

These observations, evidently point to the technical difficulty, of a party releasing the action, who is not the plaintiff upon the record. We should however think, that as the plaintiff in ejectment, must have not only a good title at the commencement of the suit, but also one which is subsisting at the time of the trial, it would be admissible under the general issue, as proof that the title was not subsisting.

This was expressly so ruled, in the case of Carroll v. Norwood, 2 Harris & Johnson, 173. In that case some of the lessors of the plaintiff had parted with their title after the commencement of the suit, and before the trial. The Court say : "To recover in this action of ejectment, the lessors of the plaintiff must have a legal estate in the land, at the commencement, and trial of the cause, and therefore, as all the lessors had parted with their legal estate before the trial, except Washington Van Bibber, no recovery could be had unless for his portion, if it be competent to recover that in the present action."

It is true, that the death of the lessor of the plaintiff, he being tenant for life merely, will not abate the suit; but this is to enable the plaintiff to recover the *mesne* profits, and his costs; and in such cases the Court will award a perpetual stay of the writ of possession. [1 Bac. Ab. 13; Frier v. Jackson, 8 Johnson, 507.]

Our conclusion is, that the defence is available to the defendant, and we see no objection to its being made by *plea puis darrein* continuance. Let the judgment be affirmed.