## JOHNSON vs. POWELL.

[ACTION BY CONSTABLE AGAINST PURCHASER AT EXECUTION SALE.]

1. *Secondary evidence of execution.*—To authorize secondary evidence of the contents of an execution, issued by a justice of the peace, it is sufficient to show by the justice that he cannot, after diligent search, find it in his office, and has not seen it since the last term of the circuit court, when it went before the jury as evidence in another cause ; accompanied by the testimony of the circuit clerk, that he has made diligent but unsuccessful search for it among the files of his office containing the trial papers of the last term.

APPEAL from the Circuit Court of Barbour.
Tried before the Hon. E. W. PETTUS.

THIS action was brought by the appellant, William W. Johnson, who was a constable, to recover of the defendant the difference between the price bid by him for a horse at execution sale, and the price brought at a re-sale on his account. The horse was levied on and sold, as the property of one Jackson Hopkins, under two executions from justices' courts, in favor of David Blakey and J. & W. Clark. To show the loss of these executions, in order that he might introduce secondary evidence of their contents, the plaintiff introduced as witnesses the two justices by whom they were issued, one of whom testified, "that at the last term of the circuit court, he brought into court two executions, issued by him as justice of the peace, in favor of Blakey against Hopkins, and one in favor of W. & T. Efurd against said Hopkins, to be used as evidence on the trial of the case of Hopkins against Johnson; that they were used as evidence on the trial of that case, and were not afterwards returned to his office; and that he had not seen them since the last term of said circuit court." He then introduced the circuit clerk as a witness, who testified, "that he had searched, during the present term of the court, that part of his office in which the trial papers of the last term were kept, and examined the files of the trial papers of that term; that said executions were not to be found in said place, nor among said files of papers; and that, being much pressed with business, he examined no further." One Clayton also testified to a similar unsuccessful search in the clerk's office by himself. On this proof, plaintiff offered to introduce parol evidence of the contents of said executions; but the court refused to allow him to do so, and plaintiff excepted. Similar evidence was adduced to prove the loss of the other execution; but the opinion of the court renders it unnecessary to notice this evidence more particularly.

In consequence of the rulings of the court on the evidence, the plaintiff was compelled to take a nonsuit, which he now moves to set aside; assigning for error the rulings of the court to which exceptions were reserved.

Johnson v. Powell.

L. L. CATO, for the appellant, cited the following cases: Poe v. Dorrah, 20 Ala. 293; Sturdevant v. Gaines, 5 Ala. 435; Juzan v. Toulmin, 9 Ala. 693; Beall v. Dearing, 7 Ala. 124; Jones v. Scott, 2 Ala. 60; Mordecai v. Beal, 8 Porter, 593.

E. C. BULLOCK, *contra.*

STONE, J.—The justice of the peace, who was the legal custodian, proved that the executions were not in his possession, but that they were given in evidence on the trial of Hopkins v. Johnson, at a former term of the Barbour circuit court. Witness had not since seen the executions. These papers having gone before the jury, it was the duty of that body to return them, with their verdict, to the clerk of the court; and it was the duty of the last named officer to keep them, until called for by some person having the right to their custody. In the absence of any circumstances of unfairness, and in the absence of all proof to the contrary, we must presume the papers remained where they were last shown to be; and we think the proof of search for them was amply sufficient to raise the presumption of their loss. Secondary evidence of the executions of Blakey v. Hopkins, and Efurd v. Hopkins, ought to have been admitted. See authorities on brief of appellant.

The testimony of the loss of the executions of Clark v. Hopkins, was not so full; and inasmuch as this point is not likely to arise again in the form in which it is now presented, we do not feel called upon to decide it.

The question is properly before us, on bill of exceptions. Palmer v. Bice, 28 Ala. 430; Code, § 2357.

The judgment of the circuit court is reversed, the nonsuit set aside, and the cause remanded.