Feagin v. Pearson.

---

## FEAGIN *vs.* PEARSON.

[ACTION OF DETINUE.]

1. *Evidence; introduction of secondary.*—What proof of the loss of a mortgage, (see statement of the case,) will be held sufficient to authorize secondary evidence of its contents.
2. *Judgment entry; recitals in.*—Where the judgment entry recites that the parties went to trial on "issue joined on the general issue," and does not show what, if any, disposition was made of the other pleas filed, it will be held, on error, that the defendant waived all other pleas, and elected to try the cause on the issue joined.
3. *Pleas; general issue, puis darrein continuance.*—When a cause is tried on the general issue, the parties are confined to their rights, as they existed at the commencement of the suit. If any thing occurs after, which the defendant can avail himself of as a partial defence to the action, he must set it up by way of plea, *puis darrein continuance.*
4. *Detinue; death of slave.*—The death of a slave, after suit brought for his recovery, is no defence to the action.

APPEAL from the Circuit Court of Barbour county. Tried before Hon. H. D. CLAYTON.

THIS was an action of detinue to recover a slave, brought by the appellee against the appellant, and was commenced on the 11th day of April, 1862. At the spring term 1867,

the defendant pleaded, amongst others, the following pleas : 1st. For further answer to plaintiffs cause of action, defendant pleads *non-detinet*. 2d. For further answer to plaintiff's cause of action, defendant pleads the destruction of the property, or slave sued for, as property, *puis darrein continuance*. As the bill of exceptions states, " the plaintiff introduced himself as a witness, to lay the predicate for the introduction of secondary evidence to establish the mortgage deed to the slave sued for, for which he relied upon as title in said cause, executed to him by the person under whom defendant claims ; thereupon he testified that he took a mortgage on a certain boy, Austin, then a slave, the property of one W. P. Jones, the mortgagee ; that said mortgage was due on the first day of January, 1862 ; that on the 11th day of April, 1862, he placed the said mortgage in the hands of his attorney, D. M. Seals, esq., whom he employed to bring his said suit ; that he had never seen said mortgage since, and could not find it, although he had made diligent search for it. He then introduced his said attorney, D. M. Seals, who testified that he always kept his circuit court papers, or papers pertaining to his cases in the circuit court, in a particular place in his office, each kind of papers in a place of its own ; that he had searched his office diligently and carefully, in the places wherein he kept said papers, to see what ones he would need in the trial of causes ; that said examination was made just before this present term of the court, and had not seen anything of the mortgage among them, and from the search, he stated it as a fact, that he did not have the mortgage in his possession. He further stated that he had never especially looked for said mortgage, and that since 1862, he had moved his office, two or three times, but that he removed all his papers in the book-cases and desks in which they were kept, and that on each removal, he examined carefully, and saw that he left no papers. This being all the proof, plaintiff offered the record of the mortgage from the probate court, upon its being agreed that it should be received as a correct transcript, and then proved by said plaintiff and said Seals, that it was a correct copy of the original mortgage on said slave, and that

the contents of the copy were the contents of the original."
To all of which proof, the defendant objected, upon the
ground that the predicate was not laid ; which objection
was overruled by the court and the defendant excepted.
The defendant asked the court to give the following charges :
That this action having been brought to recover the said
Austin, who was a slave at the time of its commencement,
but who is now a freedman, and a citizen of the United
States, which facts the court judicially knows, that this
action could not be maintained by the plaintiff against the
defendant ; that the slave sued for, having been set free
since suit brought, the plaintiff could not recover. The
court refused to give each of said charges, and defendant
excepted. The court charged the jury, that the defendant
was liable for the hire of the slave from the day of suit
brought to the date of the ordinance of the convention of
the State of Alabama, in 1865, abolishing slavery ; to which
charge the defendant excepted. There was judgment
against the defendant for $175 50, damages and costs. He
appealed, and assigned as error, the above rulings of the
circuit court.

ALPHEUS BAKER, and F. M. WOOD, for appellant.
D. M. SEALS, contra.

BYRD, J.—The proof of the loss of the mortgage was
sufficient to authorize secondary evidence of its contents.
*Poe v. Dorrah*, 20 Ala. 288 ; ib. 485 ; *Johnson v. Powell*,
30 Ala. 113.

We can not see why the court "refused to admit the proof
of the contents of the mortgage, by the transcript," when
there seems to have been no objection on the part of ap-
pellant, and yet, permitted the contents to be proven by
parol. But the bill of exceptions shows that the witnesses
proved that the contents of the original were the same as
the transcript, and that it was agreed by the parties that it
should be received as a correct transcript, and therefore, if
the court committed an error in its ruling on this question,
it was an error without injury.

2. It appears from the judgment entry, that the parties

went to trial on " issue joined, on the general issue," and it does not show what, if any, disposition was made of the other pleas filed. In this state of the record, we must hold that the appellant waived all other pleas, and elected to try the cause on the issue joined.

It is a rule of law, that when a cause is tried on the general issue, the parties are confined to their rights as they existed at the commencement of the suit. If anything occurs after, which the defendant can avail himself of as a partial defence to the action, he must set it up by way of plea, *puis darrein continuance.* Hence, under the issue joined, we can not perceive how the defendant could raise the question of the manumission of the slave sued for, when he was set free subsequent to the commencement of the suit.

It has been held by this court, that the death of a slave after suit brought, is no defence to the action.—5 Stew. & Porter, 133 ; *Lag's Exr's. v. Lawson, Adm'r,* 23 Ala. 377 ; *Bell v. Pharr et al.,* 7 Ala, 812.

For these reasons the court did not err in refusing to give the charges asked ; and the one given, if erroneous, was without injury to appellant ; for the reason, that the court did not render any judgment for the value of the slave at the time suit was brought, and only for damages for the detention ; and if the charge authorized the jury to give hire for a longer time than under the law could be done, still the excess of time was so small that it is evident to us the value of the slave exceeds the excess of hire allowed under the charge of the court.—*Rose v. Pearson,* in manuscript, decided at the present term, is decisive of this question.

There being no error of which appellant can justly complain, the judgment of the court below must be affirmed.