# Etowah Mining Co. *v.* Doe *ex dem* Carlisle.

### *Common Law Action of Ejectment.*

1. *Ejectment; what title necessary to maintain suit.*—The conditions precedent to the maintenance of an action of ejectment is, that the plaintiff must have title both at the commencement of the suit and at the time of the trial; and in a case where the action is the common law form of ejectment, in which there are two demises laid in the complaint, and where it is shown by the evidence that the legal title to the land in question was in one of the lessors named in the complaint at the commencement of the suit, but at the time of the trial was in the other lessor named in the complaint, under a separate and distinct demise, the plaintiff is not entitled to recover.

2. *Same; same; change in the legal title can be set up by plea of the general issue.*—While, as a general rule, defensive matters arising after the institution of a suit should be set up by a special plea of *puis darrein continuance,* if, in a common law action of ejectment, there are two demises laid in the complaint, it is competent for the defendant under a plea of "not guilty" to show that while at the commencement of the suit the legal title to the land in question was in one of the lessors, it was, at the time of the trial, in the other lessor under a different demise.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This was a common law action of ejectment, brought by the appellees against the appellants. The facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment in favor of the plaintiffs. From this judgment the defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

DORTH & MARTIN and O. R. HOOD, for appellant.—The plaintiffs in this suit were not entitled to maintain the action. It was a common law action of ejectment. There were two demises relied on. Each of the lessors named in the complaint should have been entitled to recover. The State was invested with the title as trustee at the time of the commencement of the suit, but by reason of the railroad having been completed, the title at the completion of the road was divested out of the State and invested in the railroad.—*Ware v. Swann,* 79 Ala. 333. At the institution of the suit, the railroad had no title. Under these circumstances the action could not be maintained by plaintiff.—Tyler on Ejectment, p. 388; Tillinghast's Adams, p. 189. Separateness of demises is recognized in Alabama.—*Gliddon v. Andrews,* 10 Ala. 166; *Stringfellow v. R. R. Co.,* 117 Ala. 250.

But whilst the demises are separate and distinct, combining in one suit as many different suits as there are demises, nothing can relieve the plaintiff from showing that the lessor in the demise has the legal title to the premises, and had it when the suit began as well as when it ended.

The plea of not guilty raises all issues in the ejectment suit, and a change in the legal title can be set up by the plea of the general issue.—5 Sedgwick and Wait on Trial of Title to Land, 341; *Bynum v. Gold,* 106 Ala. 427; *Hairston v. Dobbs,* 80 Ala. 589; *Bruce v. Bradshaw,* 69 Ala. 360; *Richardson v. Stephens,* 114 Ala. 242; *Smith v. Cox,* 115 Ala. 503.

AMOS E. GOODHUE, *contra.*—In ejectment when there are several demises the lessor in each is presumed to assent to the action and to the use of his title by the nominal plaintiff.—*Stringfellow v. Tenn. Coal, Iron & R. R. Co.,* 117 Ala. 250.

Even conceding that the defence is well pleaded, defendant has failed to defeat plaintiff's prima facie case for the reason that the outstanding title which he seeks to set up is a title *with which the plaintiff has connected himself, on which the plaintiff relies, laid in one of the plaintiff's demises,* and therefore is in no proper sense an *outstanding title* which can be used by the defendant

to defeat the plaintiff's action. "When several distinct demises are laid, the claimants will not then be confined. at the trial to one particular demise, but will be allowed to resort to any included in the declaration under which they may be able to prove title to the premises."—Tyler on Ejectment, 288. An outstanding title in a third person, in order to be available to defendant in ejectment must be such a title that such third person *could recover against either party.*—*Neal v. Hopkins*, 87 Md. 19, 39 Atl. Rep. 322.

Our contention further is that in the absence of a plea *puis darrein continuance,* the defense attempted to be set up does not arise.

"In spite of the comprehensiveness of the general issue, new matter, such as a title acquired subsequent to issue joined, must be set up by a supplemental answer in the nature of a plea *puis darrein continuance.*"—7 Encyc. Pl. & Pr., p. 344, Ejectment; *Lomb v. Pioneer Sav. & Loan Co.,* 106 Ala. 596; *Pollard v. Hanrick,* 74 Ala. 334; *Fagin v. Pearson,* 42 Ala. 332; *Jennings v. Dockham,* 58 N. W. Rep. 66; *Jerney v. Potts,* 41 Mich. 52; *Buell v. Irwin,* 24 Mich. 149 ; *Heard v. Ramond,* 50 Mich. 369.

DOWDELL, J.—It is a well settled principle that in suits for the recovery of land, whether by the statutory action of trespass to try title in the nature of ejectment or by the common law ejectment, the plaintiff must not only have title at the commencement of the suit, but also at the time of the trial.—*Hairston v. Dobbs,* 80 Ala. 589; *Chandler v. Jost, et al.,* 81 Ala. 111; *Bruce v. Bradshaw,* 69 Ala. 360; *Scranton, Barney & Co. v. Ballard,* 64 Ala. 402. Other authorities might be cited, but it is unnecessary to encumber the opinion with further citations.

It is equally as well settled that the plaintiff in ejectment must recover on the strength of his own title and not upon the weakness of that of his adversary.

In the present action, which is the common law form ejectment, there are three demises laid in the complaint, one in the State of Alabama, another in the Tennessee and Coosa River R. R. Co., and the third in Hugh Carlisle. The defendant entered into the consent rule, and pleaded "not guilty," and on this issue the cause was

[Etowah Mining Co. v. Doe *ex dem.* Carlisle.]

tried. No proof of title was offered by the plaintiff under the demise laid in Carlisle, and therefore there is no insistence upon this demise.

It was shown by the evidence upon the trial that at the commencement of the suit, the legal title to the land in question was vested in the State of Alabama, as trustee under an act of Congress approved June 3, 1856, granting lands in aid of the construction of certain railroads, in which was included the Tennessee and Coosa River Railroad Co., and that pending the suit and before the trial of the cause, the title passed out of the State of Alabama and became vested in the Tennessee and Coosa River Railroad Co.

Thus it will be seen that we have here the case presented of where the legal title to the land in question was in one of the lessors named in the complaint at the commencement of the suit, and in another lessor, under a separate and distinct demise, laid in the complaint, at the time of the trial; or, in other words, that at the commencement of the suit, the legal title was in the lessor, the State of Alabama, and not at the time of the trial, but was in the lessor, the Tennessee and Coosa River Railroad Co. at the time of the trial, and which latter lessor had not the legal title at the commencement of the suit.

It is perfectly clear, under the principle above stated, that the plaintiff, in order to recover, must have the legal title both at the commencement of the suit and at the trial; that if the demise had been laid solely in the State of Alabama as lessor, under the facts there could have been no recovery, and the same is true if a single demise had been laid in the lessor, the Tennessee and Coosa River Railroad Co.

The question is, therefore, presented: Does the fact that there were two demises laid in the complaint, with the legal title in one lessor at the commencement of the suit and in another lessor under a different demise at the time of the trial, vary or affect the principle above land down? It seems to us that this proposition is answered when it is determined who is the plaintiff in the action.

In the common law ejectment, any number of demises may be laid in the complaint and a recovery may be had

upon any one of said demises when the evidence shows the legal title to the land in dispute in the lessor under such demise at the commencement of the suit and at the time of the trial. And herein consists the advantage of the common law action over the statutory ejectment. Whenever doubt exists as to where the title is really lodged, different demises may be inserted in the complaint, and failing to recover on one, recovery may be had upon another. Mr. Tyler on Ejectment, page 388, forcibly states the advantages of common law ejectment as follows: "The demise must be laid in the name of the party who has the legal title, and when any doubt exists upon the point it is usual to declare upon several distinct demises by the several concerned in interest, and the claimants will not then be confined at the trial to one particular demise, but will be allowed to resort to any included in the declaration under which they may be able to prove title to the premises." To the same effect is Tillinghast's Adams, page 189. Each demise laid is a separate and distinct count in the declaration, and in the nature of a separate suit, since the lessor is the real party plaintiff, the fictitious person, John Doe, being treated and regarded only as nominal plaintiff. The separateness of the demises is recognized in the case of *Stringfellow v. Tenn. Coal, Iron & Railroad Co.,* 117 Ala. 250, and in *Glidden v. Doe ex dem. Andrews et al.,* 10 Ala. 166. It logically follows that to support the right of recovery under one demise, the title of the lessor under another and separate demise cannot be looked to, since each demise must stand or fall upon the title of the lessor named therein.

It is, however, insisted by counsel for appellee that plaintiff, having shown legal title to the premises in the State of Alabama, under the demise laid in that party as lessor, at the commencement of the suit, that the failure of title at the time of the trial was defensive matter which could be set up only under a special plea of *puis darrein continuance,* and was not available under the plea of not guilty. As a general rule defensive matter arising after the institution of the suit must be set up by a special plea of *puis darrein continuance,* but it seems from the weight of authorities that this rule is relaxed in actions of ejectment.

In Sedgwick and Waite on Trial of Title to Land (5th ed.), p. 341, it is said: "It is certain that a most liberal tendency prevails in the courts to favor this plea (not guilty) and to admit evidence of available legal defense of almost every class or nature under it."

In *Doe ex dem. Alexander v. Collins, et al.*, 7 Ala. 480, where the action was common law ejectment, a plea of *puis darrein continuance* was filed, setting up the failure of plaintiff's title after the institution of the suit. The plea was held good on demurrer, but it was also said in that case that the defense was available under the general issue.

In *Bynum v. Gold*, 106 Ala. 427, speaking of the plea of not guilty, McCLELLAN, J., says: "That the title is put in issue by this plea and under it the defendant may show any fact going to title, whether in denial and disproof merely of title relied on by plaintiff or in support of a superior and independent right, however acquired, in defendant."

In *Richardson v. Stephens*, 114 Ala. 242, HARALSON, J., speaking for the Court, says: "The only appropriate plea in an action of this kind is 'not guilty,' under which a defendant may introduce any evidence which will bar plaintiff's right to recovery; and it is the only plea on which the plaintiff can be required to take issue." The action in this case was the statutory action of ejectment, but the principle is the same.

In *Smith v. Cox*, 115 Ala. 506, which was the common law ejectment, this court, again speaking through HARALSON, J., says: "The only appropriate plea in this action is 'not guilty,' and under it, anything which operates as a bar to the action may be given in evidence."

In *Pollard v. Hanrick*, 74 Ala. 334, which was a statutory action of ejectment, it was said: "When the order of the probate court was executed, ordering Crenshaw to convey the lands to Gamill, the title of the heirs was divested (and this was subsequent to the institution of the suit), and this was necessarily vital to the successful maintenance of their suit when set up by plea of *puis*

*darrein continuance*, which was a proper method of rais-ing the issue"; citing *Feagin v. Pearson*, 42 Ala. 332, which latter case, however, was an action in detinue.

In *Lomb v. Pioneer Savings & Loan Co.*, 106 Ala. 596, it was said by BRICKELL, C. J.: "The scope and extent of the plea of 'not guilty' in an action of ejectment is well defined. It casts upon the plaintiff the burden of proving a legal right to the possession of the premises in dispute, and of consequence, whatever operates a bar to his right of possession causes him to fail, entitling the defendant to a verdict. Unless it be a matter *puis dar-rein continuance*, the defendant may not plead any other plea. It is unnecessary and foreign to the nature of the action."

The seeming conflict in the above cases may be recon-ciled by the statement that while defensive matter, aris-ing subsequent to the commencement of the suit, may be set up by a special plea of *puis darrein continuance*, such defensive matter may likewise, in actions of ejectment, be available under the plea of the general issue. If the plaintiff, to entitle him to recover, must have and show a title to the land at the time of the trial, and upon this proposition the authorities are unanimous, it seems that there can be no good reason for saying that this essential element to the right of recovery may not be put in issue by the plea of "not guilty." In this connection we cite, in addition to the above authorities, Tillinghast's Adams, pp. 229-270, and notes on p. 229; *Brown v. Galloway*, 1 Peter's Cir. Ct. Rep., 291-299; *Reegan v. Philips*, 4 Yates' Rep. 382; *Dale v. Frisbie*, 59 Ind. 530; 3 Bacon's Abridge-ment, p. 293; 2 Selwyn's *Nisi Prius*, 736 and note; *Wicks v. Smith*, 18 Kans. 508.

Moreover, no objection appears to have been made to the evidence in the lower court showing that the title had passed out of the lessor, the State of Alabama, after the commencement of the suit, and with this evidence be-fore the court, showing that plaintiff was without title at the trial, under the above authorities there could be no recovery.

[Etowah Mining Co. v. Doe *ex dem.* Carlisle.]

For the reasons above stated, the judgment of the court below must be reversed. The cause having been tried by the court without the intervention of a jury, a judgment will be here rendered such as should have been rendered in the court below.

Reversed and rendered.