# Gattis Turpentine Co. *v.* Russell, *et al.*

### Ejectment.

(Decided February 8, 1917. 74 South. 231.)

1. **Appeal and Error; Who May Appeal.**—An appeal from an adverse ruling by one not a party to the suit will not be considered.

2. **Same; Review; Finding of Court.**—Where the evidence is conflicting conclusion of facts found by the trial court will not be disturbed on appeal although seemingly against the preponderance of the evidence.

APPEAL from Baldwin Circuit Court.
Heard before Hon. A. E. GAMBLE.

[Gattis Turpentine Co. v. Russell, et al.]

Ejectment by the Deerland Turpentine Company against Chaney Russell and others. Judgment for defendant and the Gattis Turpentine Company appealed. Affirmed.

ERVIN & MCALEER and CHARLES HALL for respondent. WILLIAM F. ANDERSON for appellee.

McCLELLAN, J.—Common-law ejectment. As originally instituted, the Deerland Turpentine Company was the actual plaintiff.—Warvelle on Ejectments, §§ 90, 91; *Etowah Mining Company v. Carlisle,* 127 Ala. 663, 667, 29 South. 7. From the summons, and from the judgment entry of May 23, 1916, it so appears. The defendants were Charles and Chaney Russell. The three devises were, respectively, originally laid in the Gattis Turpentine Company, in A. M. Thompson, and in the members of a firm, Burns & Son. A deed to the land in controversy from the Gattis Turpentine Company to the Deerland Turpentine Company, of date February 7, 1914, was offered by the plaintiff. On objection that this conveyance disclosed, on its face, that it was executed by a non-resident corporation, not shown to have been authorized to do business in this State, the court declined to admit it in evidence. In respect of this ruling the bill of exceptions recites that: "The plaintiff then and there excepted. Plaintiff's attorney then asked leave of the court to amend his complaint by striking out the name of the Deerland Turpentine Company and substituting that of the Gattis Turpentine Company, which was granted by the court, and the amendment was allowed over the objection of defendants."

According to the recital of the mentioned judgment the amendment was of the "first count" (demise), the only place in the complaint where the substitution permitted could be effected.

(1) It appears with certainty that the appeal from the judgment in favor of the defendants was sought and undertaken to be effected by the Gattis Turpentine Company. If the legal effect of the amendment, after the stated adverse ruling on the admission of the deed, was to substitute the Gattis Company for the Deerland Company as the actual party plaintiff (whether erroneous or not, it is not necessary to now inquire), then the appellant (Gattis Company) was not the party against whom the adverse ruling in refusing to admit the deed from the Gattis Company to the Deerland Company was made—a conveyance

[Fowler, et al. v. Faulkner.]

that, if admitted, would have shown the absence of title in the Gattis Company, in which the first count laid it. If, on the other hand, the effect of the amendment was only to change the entity in which the demise was laid in the first count to another, then the Deerland Company remained (we assume for the occasion only) the actual party plaintiff; and, if so, the party plaintiff against which the judgment was rendered has not appealed, the appeal being by the Gattis Company. Hence, without attempting, for it is unnecessary, to at this time define the legal result as between the dilemmas indicated, it must be held that the first assignment of error presents nothing this court can review.

(2) On the issue of fact litigated, viz., whether the mortgage or mortgages executed the Russells on Chaney Russell's land were alone given to secure the indebtedness of the husband, no part of which was for the security of the indebtedness of the wife, Chaney, the oft-repeated rule established in *Cobb v. Malone*, ·92 Ala. 630, 9 South. 738, for the review on appeal of conclusions of fact attained by a trial court, without the intervention of the jury, testimony delivered ore tenus would, on this record, preclude a reversal of the judgment rendered.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.