# WARNOCK ET AL. *vs.* THOMAS ET AL.

[REAL ACTION IN NATURE OF EJECTMENT.]

1. *Revised Code,* § 2221; *what allegation equivalent to the word "equitably" used therein.*—An allegation in a petition to the probate court for an order to sell the land of a decedent under section 2221 of Revised Code, that the same can not be "fairly" divided, &c., is equivalent to saying that it can not be "equitably" done.
2. *Decree; for what reason, not void.*—A decree for the sale of the land of a decedent, and of confirmation of such sale, are not void because rendered by a probate court of the late insurrectionary State government.
3. *Ejectment by heir; what sufficient defense to.*—To an action of ejectment brought by the heirs or devisees of a decedent to recover real estate of which he died seized and possessed, it is a sufficient defense that the lands were sold under a valid decree of the probate court, the sale confirmed, the purchase-money paid, and a deed executed to the purchaser.

APPEAL from the Circuit Court of Bullock.
Tried before Hon. J. McCALEB WILEY.

The facts are sufficiently stated in the opinion.

STONE & CLOPTON, for appellants.
J. N. ARRINGTON, and WATTS & TROY, *contra*.

B. F. SAFFOLD, J.—The appellees were the plaintiffs
in the suit in the nature of ejectment, and claimed title to
the lands sought to be recovered through Martin H. Day.
The defendants deduced their title from the same source.
They admitted that the plaintiffs were the heirs or devisees
of the said Day, but they defended on the ground that
they had purchased the lands at a valid sale made by the
administrator of Day's estate under a decree of the pro-
bate court, and that the sale had been confirmed by the
court, and a proper conveyance made to them by the ad-
ministrator, under its order. The validity of the sale is
the matter to be determined.

Martin L. Day died in November, 1860. His will was
admitted to probate on the 12th of December afterwards.
Amanda M. Day, his widow, and Eli M. Ford became his
administrators with the will annexed on the 1st of January,
1861. On the 10th of July, 1863, they represented to the
probate court, by petition in writing, but not sworn to, that
"there is now belonging to said decedent" certain lands,
and "that said land can not be fairly divided among the
heirs-at-law of said decedent without a sale of the same;"
"that the following named persons are the heirs of said
decedent, entitled to share in the distribution of said es-
tate," &c., among whom are some minors. And they prayed
for an order of sale. The depositions of two witnesses
were taken to show the necessity of a sale, and they testi-
fied that the lands could not be fairly and equitably divided
among the heirs without a sale, not showing any other ne-
cessity. The order of sale was granted on the 7th of Sep-
tember, 1863. The sale was made, reported to the court,
and confirmed. Afterwards, on the 28th of March, 1865,

the payment of the purchase-money having been reported, the court ordered the administrator to convey the lands to the purchasers, which was accordingly done by deed on the 27th of April, 1868. The defendants were the purchasers.

The court, at the request of the plaintiff, charged the jury, that if they believed the evidence they must find for the plaintiff, and the defendants excepted, &c. ; and this, and the refusal to give charges requested by the defendant, are now assigned as error. The charge given, and the charges refused to be given, all turn upon the validity of the sale, as set forth in the evidence.

In *Satcher v. Satcher*, (41 Ala. 26,) the most simple, comprehensive and satisfactory of all the decisions in this State on the vexed question of what is essential to the validity of a sale of land under a decree of the probate court, it was declared that the jurisdiction of the court attaches on the filing of a petition, stating therein a statutory ground for the order of sale, and when this is done the order is not void, though the proceedings may abound in errors. And further, that when there are minors or persons of unsound mind interested in the estate, proof by deposition, as in chancery cases, shall be taken showing the necessity of such sale.

Lands of an estate may be sold by order of the probate court having jurisdiction of the estate, when the same can not be equitably divided amongst the heirs and devisees. Rev. Code, § 2221. In this instance, the jurisdictional allegation is, that the lands can not be "fairly" divided, &c. An allegation of import equivalent to that required by the statute, will support the jurisdiction, and in determining this, that legitimate signification of the words used favoring the validity of the order will be applied to them.—*King v. Kent*, 29 Ala. 542; *Satcher v. Satcher, supra.* "Fairly" means equitably, and when used to represent a division of lands, is too nearly its synonym for practical distinction. Webster's Dictionary; Worcester. The record recites that proof showing a necessity for a sale was taken by deposition, as in chancery cases, and nothing appears in contradiction. The only necessity to be shown, under section

2225 of the Revised Code, is that the land can not be equitably divided.

The objection, that the decrees of sale and confirmation were rendered by a court of the late insurrectionary State government, is not available.—*Griffin v. Ryland*, 45 Ala. Rep. 688.

The judgment is reversed, and the cause remanded.