# Pollard *v.* Hanrick.

*Statutory Real Action in nature of Ejectment.*

1.  *Sale of decedent's lands, for distribution; conclusiveness of order on collateral attack, and presumptions in favor of.*—When a sale of lands by an administrator under a probate decree, for distribution, is collaterally attacked,—as where the heirs bring ejectment against a person claiming under the sale,—mere irregularities in the proceedings, which would be available on demurrer, or on error or appeal, will not avoid the sale ; and a liberal construction will be placed upon the language used, in order to sustain the jurisdiction of the court.

2.  *Same; sufficiency of petition.*—An allegation in the petition that the lands " can not be *equally, equitably* divided" without a sale, being liberally construed, is the equivalent of an allegation that they can not be "*equitably* divided" without a sale (Code, § 2449), and is sufficient to sustain the jurisdiction of the court to grant the order. ·

3.  *Same; execution of conveyance to purchaser.*—In reference to such sales, the theory of the law is, that the court itself is the vendor, and the person authorized to execute a deed to the purchaser is merely its agent, or instrument ; and if the administrator dies without having executed a

[Pollard v. Hanrick.]

conveyance as ordered, after the purchase-money has been paid and the sale confirmed, the court may appoint and authorize another person to execute a conveyance.

4. *Title acquired by defendant after commencement of suit.*—Since the plaintiff in ejectment, or the statutory action in the nature of ejectment, must show title in himself at the commencement of the suit, and also at the time of the trial; the defendant may defeat a recovery, under a plea *puis darrein continuance,* by showing title in himself acquired or perfected after the commencement of the suit.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JNO. P. HUBBARD.

This action was brought by Mary Pollard and others, against John M. Hanrick and others, to recover a tract of land particularly described in the complaint, with damages for its detention; and was commenced on the 24th May, 1881. The plaintiffs claimed as the heirs at law of Amanda R. Earnest, deceased, who was seized and possessed of the land at the time of her death, the date of which is not shown by the record; while the defendants claimed the portions of which they were respectively in possession, and for which only each one defended, under conveyances from John Gamble, who purchased at a sale made by R. R. Wright, as the administrator of the estate of said Amanda R. Earnest, under an order and decree of the Probate Court of said county. The order of sale was granted on the 9th December, 1867, and was founded on a petition filed by said administrator, under oath, which contained the following (with other) allegations: "Your petitioner further represents, that said estate owes some debts that are now due and unpaid,—for instance, her medical bill, and funeral expenses; also, that after said debts are paid, said lands can not be equally, equitably divided among the heirs, without a sale thereof." The order recites that the petition is "for an order to sell the lands of said estate for the purpose of division, and upon the ground that the same can not be equitably divided among the heirs of said estate;" and it is in all respects regular on its face. The sale was made by the administrator, pursuant to the terms of the decree; Gamble becoming the purchaser, at the price of $480, one half of which sum was paid in cash. The sale was reported by the administrator to the court, and was by it confirmed on the 8th March, 1870; and on the 12th May, 1871, the administrator having reported the payment of the purchase-money in full, the court made an order directing him to execute a conveyance of the lands to said Gamble as the purchaser. The administrator afterwards made a final settlement of his administration, and accounted for the purchase-money of the land; and he subsequently died without having executed a conveyance to said Gamble. On the 1st November, 1881, after the commencement of this suit, said

[Pollard v. Hanrick.]

John M. Hanrick and Rebecca Wright, two of the defendants, filed their petition in the Probate Court, alleging the facts above stated, and their respective purchases from Gamble, and asking that a suitable person might be appointed by the court to execute a conveyance to each of them. On the hearing of this petition, as the decree recites, the heirs and distributees of the estate being present by attorney, " and E. Crenshaw, administrator *ad litem* of said Amanda R. Earnest," and the averments of the petition being " established to the satisfaction of the court by legal and competent evidence," the court appointed Edward Crenshaw as a suitable person, and authorized and directed him to execute conveyances to said petitioners as prayed. Said Crenshaw, as commissioner, afterwards executed conveyances in accordance with the decree ; and these conveyances were offered in evidence by the defendants, under a plea *puis darrein continuance.*

The plaintiffs raised various objections, both on the pleadings and evidence, to the sufficiency and validity of these proceedings, all of which were overruled by the court ; and the court charged the jury, on the request of the defendants, " that they must find for the defendants, on their plea since the last continuance, if they believed the evidence." The plaintiffs excepted to this charge, and they now assign it as error, with the adverse rulings on the pleadings, and the several rulings on evidence to which exceptions were reserved.

J. C. RICHARDSON, and J. M. WHITEHEAD, for appellant.

JOHN GAMBLE, *contra.* (No briefs on file.)

SOMERVILLE, J.—The action is one of ejectment under the statute, brought by the plaintiffs claiming as the heirs of Amanda R. Earnest. The defendants claim title under one Gamble, who purchased the lands in controversy at an administrator's sale, under an order of the Probate Court made for distribution.

It is insisted, in the first place, that the order of sale made by the Probate Court was void for want of jurisdiction, because the petition filed by the administrator was fatally defective in its allegations. The statute provides, that a sale of lands for distribution may be made when such lands "can not be *equitably* divided among the heirs or devisees."—Code, 1876, § 2449. The averment of the administrator's petition, which was filed in October, 1867, was, that the lands could not be " *equally, equitably* divided" among the heirs without a sale.

The governing principle is, that when the validity of such a sale is collaterally attacked, as is attempted in this case, it can

[Pollard v. Hanrick.]

not be avoided for mere irregularities, which might prove fatal on direct attack, as grounds of successful demurrer, or of reversible error in the appellate court. The jurisdiction of the court ordering the sale will be sustained, if the application or petition contains substantially the necessary allegations prescribed by statute. Nor is it required that the precise words or language indicated by the statute should be used. It is sufficient, if words of equivalent import or meaning are used. These principles have been often declared, and are well settled.—*Bland v. Bowie*, 53 Ala. 152; *King v. Kent*, 29 Ala. 542; *Wilburn & Co. v. McCalley*, 63 Ala. 436.

2. It is an important rule of construction, in all such cases, that, on collateral attack of proceedings of this nature, every reasonable intendment will be made in favor of the validity of titles acquired under them. The language of the petition will be construed liberally for the maintenance of the decree, and no hyper-critical construction will be indulged favorable to its overthrow.—*Bibb v. Bishop Cobbs' Orphans Home*, 61 Ala. 326; *King v. Kent*, 29 Ala. 553; *Wright's Heirs v. Ware*, 50 Ala. 549.

Under these rules of construction, the averment of the petition in question is, in our opinion, sufficient. The plain and common-sense meaning of the phrase used is not to be destroyed by the mere awkwardness of a redundant expression. *Equality* is often said to be *equity*. *Equally* and *equitably* were evidently used by the pleader as verbal synonyms, and were so understood by the primary court. A liberal construction will very clearly uphold the language of the petition, as being of equivalent import with that prescribed by the statute. *Satcher v. Satcher*, 41 Ala. 26; *Warnock v. Thomas*, 48 Ala. 463.

3. The Probate Court was fully invested with the authority to appoint another person than the administrator, to execute a conveyance of the land to the purchaser, Gamble. The sale had been reported to the court as regularly made under a valid decree, and the purchase-money was shown to have been fully paid. The court had confirmed the sale, and ordered the administrator to make the conveyance. The *death* of the administrator, after the making of this order, was a contingency which, in our opinion, would justify the subsequent order appointing and authorizing Crenshaw to carry out the order by making the conveyance. The statute provides, as now amended by the act of March 1, 1881, that "after such confirmation, and when the whole of the purchase-money has been paid by the purchaser, or any person holding under him, on the application of such person, *or such person holding under him*, or that of the executor or administrator, the court must order a conveyance to be made to such purchaser by such executor or

22

[Adams v. Munter & Brother.]

administrator, *or such other person as the court may appoint*, conveying all right, title and interest, which the deceased had in such lands at the time of his death; and such order shall operate to vest the title of the decedent in such purchaser." Session Acts 1880–81, p. 29 ; Code, 1876, § 2468.

The theory of the law is, that the court, and not the administrator, is the true and real vendor; and the person authorized to convey, whether the administrator, or some other suitable person, is the mere agent, or instrument of the court, carrying out its instructions under the powers conferred by the statute.

It is no valid objection, that the title of the defendants was perfected after the commencement of the present suit. The rule in ejectment is, that the plaintiff is not entitled to recover, unless he can show title both at the commencement of the action, and at the time of trial, or judgment rendered. If his title be destroyed, or terminate, between the commencement of suit and the day of trial, he can not recover.—*Scranton v. Ballard*, 64 Ala. 402. When the order of the Probate Court was executed, authorizing Crenshaw to convey the lands to Gamble, the title of the heirs was divested; and this was necessarily fatal to the successful maintenance of their suit, when set up by plea *puis darrein continuance*, which was the proper method of raising the issue.—*Feagin v. Pearson*, 42 Ala. 332.

There is no error in the rulings of the Circuit Court, and the judgment is affirmed.