# Birmingham Realty Co. *et al. v.* Barron, *et al.*

## *Bill for Review.*

(Decided March 2, 1907. 43 So. Rep. 346.)

1. *Process; Service by Publication; Application for Order; Proof of Agency.*—Where affidavit is made by an agent for the purpose of obtaining an order of publication to get service, if the fact of agency is recited in the affidavit, the agent's authority is sufficiently shown.

2. *Same; Affidavit; Presumption as to Personal Knowledge.*—Where the affidavit is rested upon the positive declaration of affiant, and not upon information and belief, it will be presumed that the facts stated are within the knowledge of affiant.

3. *Same; Order of Publication; Sufficiency.*—Under Sec. 690, Code 1896, an order of publication is sufficient to give jurisdiction though containing no subject matter with reference to the suit or to the title and interest of unknown defendants therein mentioned.

4. *Equity; Bill of Review; Scope.*—Certain notes not having been made exhibits to the bill or referred to in the register's report

[Birmingham Realty Co. et al. v. Barron, et al.]

the fact that these notes were attached to the report of the register, do not show error apparent on the face of the proceedings or decree and are not available as error on bill of review.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill of review by Richard Barron and others against the Birmingham Realty Company and others. Decree for complainants. Defendants appeal. Reversed and rendered.

LONDON & LONDON, for appellant.—It is well settled in this state that on a bill of review for error apparent the court can look to the pleadings as well as to the decree but not to the proof.—*McDougal v. Dougherty,* 39 Ala. 407; 24 Ala. 15; *Bank v. Dundas,* 10 Ala. 661. Mere errors of form or irregularities in proceeding will not support a bill of review. There must be error of substance resulting in injury to the party.—*McCall v. McCurdy,* 69 Ala. 65; *Fry v. Merchants Ins. Co.,* 15 Ala. 810; *Ashford v. Patton,* 70 Ala. 479. For errors in the admission of evidence or error in a decree rendered contrary to the evidence resort must be had to an appeal and not to bill of review.—3 Ency. of P. & P. 592; 34 Pa. St. 173; *McCall v. McCurdy, supra..* The affidavit was sufficient.—17 Ency. P. & P. 56; *Chilton v. A. & M. Ins. Co.,* 74 Ala. 290.

LEE C. BRADLEY, for appellee.—To support a decree against a non resident defendant on publication only the statutes and rules of practice must be strictly observed and the facts showing a compliance with them must appear in the record.—*Paulding v. Creagh,* 63 Ala. 398; *Holley v. Bass,* Ib. 378; *Sayre v. Eleyton Land Co..* 73 Ala. 85; *Diston v. Hood,* 83 Ala. 331; *Chilton v. Life Ins. Co.,* 74 Ala. 290; Sec. 690, Code 1896. There is error apparent in a decree showing upon its face that it was made without proof of the publication of notice required by statute.—3 Ency. P. & P. 575; *Knowland v. Sartoris,* 46 Miss. 45; *Trimble v. Longworth,* 13 Ohio St. 431. A bill lies to review an illegal decree pro confesso.

—56 Ga. 216; 13 Des: 563; 25 Fla: 927: On the question of error apparent that will justify a bill of review it is permissible to consult all the facts which are apparent in the pleadings, in the process and its service, in ordering the reports confirmed, and decrees of the chancellor. —*McDougal v. Dougherty*, 39 Ala. 409; *Smith v. Fitzsimmons*, 97 Ala. 371; *Taylor v. Crook*, 136 Ala. 377. An affidavit cannot be made by an agent unless the statute authorizes it.—36 Mo. 101; 89 Mo. 232; 15 Wis. 103; 3 N. C. 426; 83 Ga. 636; 1 Denio, 662.

DENSON, J.—Richard Barron and others, on February 20, 1905, having obtained leave on their application filed June 24, 1904, filed their bill of review in the chancery court of Jefferson county to review and reverse the decree in a suit brought in said court March 26, 1901, by the Birmingham Realty Company against James M. Kennelly and others, as the heirs at law and next of kin of E. H. Barron, deceased, to enforce a vendor's lien for the purchase price of real estate in the city of Birmingham, in which suit a final decree was rendered in favor of the complainant in the suit December 9, 1901. The bill of review sets out all the proceedings in the original cause, and it appears that all except one of the defendants thereto were made parties in accordance with the statute (Code 1896, § 690), which authorizes unknown non-resident defendants to be made parties by publication. The defendant who was known does not join in the bill of review, but is made a defendant thereto.

With respect of the unknown heirs at law and next of kin affidavit was made by Alex. T. London, as agent of the complainant, which we think conforms substantially to the requirements of section 690 of the Code. The affidavit prescribed by rule 22 of chancery practice was made as to the nonresidence of James M. Kennelly, and thereupon the register made order of publication. A certificate was made by the register, showing that publication had been made in accordance with the order of publication, and that a copy of the order had been posted at the court house door. A decree pro confesso was ren-

[Birmingham Realty Co. et al. v. Barron, et al.]

dered against the defendants. Upon the submission of the cause the chancellor ordered a reference to ascertain the amount due, and a report was made, which does not appear to have been signed by the register. The record here shows that to this report were attached certain promissory notes, which, however, are not mentioned in the report, nor are they marked as exhibits thereto. The chancellor made a decree confirming the report, adjudging that complainant had a lien for the amount named in the report, and ordering that, if the amount should not be paid within five days, the real estate described in the bill should be sold. A sale was made, reported to the court, and was confirmed. Motion to dismiss the bill of review for want of equity, and numerous demurrers to it were interposed by appellants, and the case comes before us on the decree of the chancellor overruling the motion and demurrers.

It is insisted in the bill of review that the court did not acquire jurisdiction of the unknown defendants in the original cause on account, first, of defects in the affidavit made with respect to them; and, second, of defective publication as to these defendants. The attack upon the affidavit is made on numerous grounds, but only three are insisted on in the brief of counsel, viz.: That there is no authority shown on the part of the affiant to make the affidavit for the Birmingham Realty Company; that the affidavit does not show that the facts deposed to were within the knowledge of the affiant; and that the affidavit is made, not on the knowledge of the affiant, but on that of the Birmingham Realty Company. Where an affidavit is made by one person in behalf of another, the fact of agency must be shown in some way; but generally it is deemed sufficient if the fact of agency be stated by way of recital.—2 Cyc. pp. 6, 7. In an affidavit made by an agent, for a corporation, a recital of the fact of affiant's agency is usually regarded as sufficient to show his authority.—2 Cyc. p 9. The allegations of the affidavit are direct and positive, and the affiant swears positively, and not upon information and belief. Where this is the case, it will be presumed that the facts deposed to were within the knowledge of the

affiant.—*Kinney v. Reeves,* 142 Ala. 604, 39 South. 29. It does not appear from the affidavit that it is not made upon affiant's own knowledge. He deposes, on the contrary, that he knows that the names of the heirs and next of kin of E. H. Barron are unknown to complainant.

The attack upon the publication is rested upon the ground that it contains no reference to the subject-matter of the suit, nor to the title or interest of the defendants therein; and it is contended that by reason of this omission the court did not acquire jurisdiction of the unknown defendants. The statute (Code 1896, § 690) prescribes that after proper affidavit has been made "the register must make publication as in case of non-residents, describing such unknown parties, as near as may be, by the character in which they are sued, and with reference to their title or interest in the subject-matter." No decision of this court has been called to our attention, nor have we found any, construing this provision of the statute. But prior to 1845 there was in force a rule of chancery practice which prescribed that "all orders of publication shall state succinctly the facts and objects of the bill."—Code 1852, p. 719, rule 17. And the statute in force at that time provided that "orders of publication must conform to the rule now in force in the courts of chancery in this state, and to those which hereafter may be made."—Code 1852, § 2888. The statute now under consideration was then in force as section 2889 of the Code of 1852.

In a case originating while rule 17 above referred to was in force, this court said: "The seventeenth rule is of the same nature as the statute regulation, directing a copy of the bill to be served with the subpoena. Both were intended to advise the defendant of the description of the suit against him; but a mstake in the copy or brief of the bill, or even its entire omisson, does not give him a right to reverse a decree otherwise free from error, if the service or publication is in other respects in accordance with the statute."—*McGowan v. Branch Bank,* 7 Ala. 823. This case establishes the proposition that, notwithstandng the statutory requirements that the order of publication shall state the facts and objects of

the bill, an order of publication, regular in other respects, but omitting any statement of the facts and objects of the bill, was sufficient to give the court jurisdiction as to the non-resident defendant. And this proposition is reaffirmed in the case of *Gannard v. Eslava*, 20 Ala. 732. We are unable to discover any difference in principle between those cases and the case here, and under their authority we are constrained to hold that the publication in this case was sufficient.

The errors complained of in the final decree sought to be reviewed are not apparent in the face of the pleadings proceedings, and decree. The notes which are said to have been attached to the report of the register are not properly a part of the proceedings, but mere evidence. They are not made exhibits to the bill, and no reference is made to them in the registers report. There is nothing in the pleadings, proceedings, or decree in the original case to show that a separate transaction of purchase was had as to each lot, and that a separate lien attached to each lot for the purchase money thereof, or that an error was made in ascertaining the amount due.—*McCall v. McCurdy*, 69 Ala. 65; *Tankersly v. Pettis*, 61 Ala. 354; *Ashford v. Patton*, 70 Ala. 479. It follows that the chancellor erred in the decree rendered, and a decree will be here entered reversing his decree and dismissing the bill of review for want of equity.

Reversed and rendered.

TYSON, C. J., SIMPSON, and ANDERSON, JJ., concur.