# Martin *v*. Martin, *et al.*

*Bill to Remove an Estate from the Probate to the Chancery Court and for Other Purposes.*

(Decided May 11, 1911. Rehearing denied June 8, 1911.
55 South. 632.)

1. *Divorce; Equity; Jurisdiction.*—The power to grant a divorce a vinculo is not within the general jurisdiction of courts of equity; their jurisdiction to grant divorces is purely statutory and although a court of general jurisdiction, yet when exercising a special authority in derogation of the common law, it is quoad hoc an inferior or limited court.

2. *Same; Decree; Jurisdictional Facts; Residence of Parties.*—Section 3802 Code 1907, established bona fide residence in this State for one year next before the filing of the bill as a jurisdictional prerequisite to a valid decree of divorce against a respondent who is a non-resident;, and this must be shown by the record in order for the decree to withstand a collateral attack.

3. *Same.*—The allegations of the bill for divorce stated and examined and held insufficient as jurisdictional averment of residence within the provisions of section 3802 Code 1907 to protect the de-

[Martin v. Martin, et al.]

cree entered thereon against collateral attack, and declaring the decree void.

4. *Same; Jurisdiction; Residence; Pleading.*—It is not necessary that a pleading in an action for divorce adopt the exact terms of the statute as to the jurisdictional fact of residence; it is sufficient if the averments convey the same idea in equivalent terms.

5._*Courts; Jurisdiction; Shown by Record.*—The existence of jurisdictional facts in respect to judicial acts of courts exercising special and limited jurisdiction is not to be inferred from the mere exercise of that jurisdiction but must affirmatively appear from the record.

6. *Judgment; Collateral Attack; Presumption.*—On collateral attack of a judgment or decree there is no presumption of the existence of jurisdictional facts, but every reasonable intendent will be made in favor of the validity. thereof, as a matter of construction only; and where the pleading is reasonably susceptible of a construction presenting the essential jurisdictional facts, without supplying omitted essential averments, that construction will be adopted, but pleading must be understood as it is reasonable to infer that the party who made it and the judge who acted upon it understood it, and not as they were bound to understand it.

7. *Same; Laches.*—Where it appears from the face of the record that a judgment or decree is wholly void, delay or inaction by the party whose rights will·be affected thereby, will not invest the judgment or decree with any force as against a collateral attack, it being a nullity under all circumstances.

8. *Executors and Administrators; Action; Parties; Sureties on Bond.*—Where the bill is against the ·administrator to remove the administration of the estate from the probate to the chancery court the sureties on the administrator's bond are not proper parties.

APPEAL from Anniston City Court.

Heard before Hon. THOS. W. COLEMAN.

Bill by Gussie Martin against Ance Martin, as administrator of the estate of M. J. Martin, deceased, and others, for the removal of the estate from the probate to the chancery court, and for other purposes. From a decree for respondents, complainant appeals. Reversed in part, affirmed in part, and remanded.

The case made by the bill is substantially as follows: The complainant is alleged to be the widow of one M. J. Martin, who died intestate on the 6th day of February, 1910, at which time he was an inhabitant of Calhoun county. He left surviving him several children, and the complainant in the bill, claiming to be his widow,

[Martin v. Martin, et al.]

and he died possessed of real and personal property in this state, and his estate is in the course of administration in the probate court of Calhoun county. It is further alleged that on June 16, 1906, an original bill was filed in the Cleburne county court by M. J. Martin, praying for a divorce from the complainant on certain statutory grounds, and that on the 9th day of August, 1906, a final decree was entered in said cause, divorcing said M. J. Martin, from said Gussie Martin. It is alleged that at the time of the filing of said bill in Cleburne county the said M. J. Martin, as well as the said Gussie Martin, were both residents of Pope county, Ga., and not residents of Cleburne county, Ala., and that the complainant had not resided in the state of Alabama for one year next before the filing of the bill, and it is alleged that for that reason the Cleburne county court acquired no jurisdiction to render the decree of divorce, and hence it is void. The administrator of the estate of M. J. Martin, the heirs at law, and the sureties on the administrator's bond are made parties defendant; and it is prayed that Gussie Martin be allowed dower rights and a distributive share out of the estate of said M. J. Martin. The demurrers of the administrator raise the points decided in the opinion. Hanson and Studdard, sureties on the bond of the administrator, interposed demurrers because of improper joinders of parties defendant. The other facts sufficiently appear from the opinion.

BLACKWELL & AGEE, for appellant. By sustaining the demurrer the learned chancellor held that the divorce proceedings were regular and not subject to collateral attack. In this he was in error. The courts of equity have no general jurisdiction to grant divorces a vinculo.—9 A. & E. Encyc. Law, 746; Bishop Marriage

& Divorce, sec. 90. The jurisdiction is purely statutory. —1 Pom. pp. 98, 112, 117. Hence, the statutes must be strictly construed.—*Sayre v. Elyton Land Co.,* 73 Ala. 85; Sims Chan. Prac. sec. 382. They are therefore courts of limited and inferior jurisdiction when granting a statutory divorce.—*Wells v. Am. Mort. Co.,* 123 Ala. 421; *Goodwater W. Co. v. Street,* 137 Ala. 621; *The State v. M. & G. R. R. Co.,* 108 Ala. 31. The bill must therefore show all jurisdictional facts, and under the statute (sec. 3802, Code 1907) the fact of residence of one year before the filing of the bill was jurisdictional.— 14 Cyc. 662, and authorities supra. This must be shown by the allegata and probata.—*Joiner v. Winston,* 68 Ala. 129; *McCreary v. Remson,* 19 Ala. 430. Under these authorities, it must be held that the decree was void and the complainant was denied the right to show these defects to her injury.—*Ingram v. Ingram,* 143 Ala. 130.

KNOX, ACKER, DIXON & BLACKMON, for appellee. As to the construction to be given to the allegation of residence and non-residence in the bill for divorce, see *King v. Kent,* 29 Ala. 542; *Pollack v. Hamrick,* 74 Ala. 334; *Whitlow v. Echols,* 78 Ala. 208. On collateral attacked the allegation should be construed as alleging sufficiently the necessary jurisdictional facts, and when so construed they uphold the judgment and decree granting the divorce. A decree rendered upon service by publication in the manner prescribed by the statute, unless controverted in the manner pointed out thereby and set aside, is equally as binding and obligatory on the absent defendant as if he had been served with process and had appeared in answer to the bill.—*Harrison v. Harrison,* 19 Ala. 510; *Thompson v. State,* 28 Ala. 12; *Thompson v. Thompson,* 91 Ala. 594. While a foreign judgment

may be impeached by showing a want of jurisdiction by evidence dehors the record, a domestic judgment is not subject to impeachment on collateral attack, unless its invalidity appears upon the record.—*White v. Simpson,* 14 Ala. 238, 240; *Edgerton v. Edgerton,* 12 Mont. 122, 23 Am. St. Rep. 557, 574; *Perry v. King,* 117 Ala. 533; *Whitlow v. Echols,* 78 Ala. 206; *Massey v. Smith,* 73 Ala. 173. In case of a judgment rendered by a domestic court of general jurisdiction, there is presumption on collateral attack that the court had jurisdiction both of the person and the subject matter, and proceeded in the due exercise of that jurisdiction.—*White v. Simpson,* 124 Ala. 238; *Robison v. Allison,* 97 Ala. 596; *Weaver v. Brown,* 87 Ala. 533; *Wilson v. Wilson,* 18 Ala. 176; 23 Cyc. 1078, and authorities cited. Where a court of general jurisdiction has conferred upon it special powers by statute and such special powers are exercised judicially, that is, according to the course of common law and proceedings in chancery, the same presumption will be indulged to uphold its judgments as prevails in the exercise of its common law jurisdicion.—Black on Judgments, sec. 279; *Harvey v. Tyler,* 2 Wall. 328; *Galpin v. Paige,* 18 Wall. 350; 28 Gratt. (Va.) 82. In case of a judgment of a court of limited jurisdiction, or statutory jurisdiction, if the jurisdictional facts are ascertained by the court, or they appear of record, the judgment is not subject to collateral attack. In determining whether or not the jurisdictional facts appear of record, the language must be construed most favorably for the maintenance of the judgment or decree.—*King v. Kent,* 29 Ala. 542; *Landford v. Dunklin,* 71 Ala. 594; *Whitlow v. Echols,* 78 Ala. 206; *Pollard v. Hamrick,* 74 Ala. 334; *May v. Marks,* 74 Ala. 249; *Neville v. Kenney,* 125 Ala. 149.

[Martin v. Martin, et al.]

McCLELLAN, J.—The jurisdiction of courts of equity to dissolve the bonds of matrimony is purely statutory.—Nelson on Div. §§ 10, 17, 18, 19; 1 Pom. Equity Juri. §§ 98, 112 (subd. 10) ; 14 Cyc. pp. 581, 582; 9 Am. & Eng. Ency. Law, p. 726. Accordingly, the power to grant divorce a vinculo is not of the general jurisdiction of courts of equity; but they are in that respect, courts of limited and special jurisdiction. "Where a special authority, in derogation of the common law, is conferred by statute on a court of general jurisdiction, it becomes quoad hoc an inferior or limited court."—*State v. M. & G. R. R. Co.*, 108 Ala. 29, 18 South. 801; *Goodwater Warehouse Co. v. Street*, 137 Ala. 621, 34 South. 903; *Gunn v. Howell*, 27 Ala. 663, 62 Am. Dec. 785.

With respect to the judicial acts of courts exercising special and limited jurisdiction, the existence of jurisdictional facts is not inferred from the mere exercise of jurisdiction, but must affirmativly appear from the record.—*Goodwater Warehouse Co. v. Street*, 137 Ala. 621, 625, 34 South. 903, and authorities there cited. In such cases "a compliance with the requisitions of the statute is necessary to its jurisdiction, and must appear on the face of its proceedings."—*State v. M. & G. R. R. Co., supra.* It follows, as of course, that such jurisdiction cannot be obtained or conferred by the proclamation thereof positively or by invited necessary inference, in the order or decree of a court assuming to exercise a limited special authority.—*Neville v. Kennedy*, 125 Ala. 149, 28 South. 452, 82 Am. St. Rep. 230; *Pollard v. Hanrick*, 74 Ala. 334.

On collateral attack of a judgment or decree, no presumption of the existence of jurisdictional facts can be indulged.—*Whitlow v. Echols*, 78 Ala. 206; *Pollard v. Hanrick, supra.* But, where the judgment or decree is

[Martin v. Martin, et al.]

collaterally assailed, every reasonable intendment, *as a matter of construction only,* will be made in favor of the validity thereof.—*King v. Kent,* 29 Ala. 542, 554; *Pollard v. Hanrick, supra; Whitlow v. Echols, supra.* On such an inquiry, the determination of the question whether the pleading contained the averment of *jurisdictional facts* will be undertaken with a motive, *in construction,* favorable to the validity of the judgment or decree; and where the pleading is reasonably susceptible thereof. that construction will be adopted that will support the judgment or decree, guarding, of course, against the supplying thereby of omitted essential averments.—*King v. Kent, supra.* The pleading will be understood "as it is reasonable to infer that the party who made it and the judge who acted upon it did understand it, and not as they were bound to understand it."—*King v. Kent, supra; Whitlow v. Echols, supra.*

Code 1896, § 194 (Code 1907, § 3802), provides "When the defendant is a non-resident, the other party to the marriage must have been a *bona fide* resident of this state *for one year next before the filing of the bill,* which must be alleged in the bill and proved." (Italics supplied.) Residence within the state, the powers of the courts of which are invoked to grant divorce, of at least one of the parties to the marriage, is a jurisdictional prerequisite to a valid decree in the premises.— Nelson on Div. § 21, and notes; *Bell v. Bell,* 181 U. S. 175, 21 Sup. Ct. 551, 45 L. Ed. 804, among others. The provision of the quoted statute, with respect to the residence of the complainant, in cases within the requirement of the statute, establishes a bona fide residence in this state "for one year next before the filing of the bill" as a jurisdictional prerequisite to a valid decree of divorce.—14 Cyc. p. 663; *Pate v. Pate,* 6 Mo. App. 49;

*Collins v. Collins,* 53 Mo. App. 470; *Cheatham v. Cheatham,* 10 Mo. 296; *Kruse v. Kruse,* 25 Mo. 68; 9 Am. & Eng. Ency. Law, p. 732, and notes; *Greenlaw v. Greenlaw.* 12 N. H. 200; *Batchelder v. Batchelder,* 14 N. H. 380.

The adoption in the pleading of the exact terms of the statute in this regard is not essential. It is sufficient if the averments convey the same idea in equivalent terms.—*Needles v. Needles* (Tex. Civ. App.) 54 S. W. 1070; *Collins v. Collins, supra;* 14 Cyc p. 663.

In the bill for divorce a vinculo, filed by M. J. Martin against Gussie Martin in the then existing county court of Cleburne county, Ala., these allegations, comprising all of them presently pertinent to the inquiry submitted for review here, appear: "Your orator, M. J. Martin, a resident of Cleburne county, Ala., over the age of 21 years, respectfully shows unto your honor: That on or about May 3. 1906, orator intermarried with said Gussie Martin, in the state of Georgia, Polk county, and that they lived together until about June 4, 1906, as man and wife, most of the time residing in Cleburne county, Ala., and orator has been a bona fide resident of Cleburne county for more than three years. * * * That Gussie Martin is over the age of 21 years and resides in the state of Georgia, but her particular place of residence is unknown to orator," etc. The decree of divorce to which that cause progressed is collaterally assailed by the bill inceptive in the cause now appealed from; a decree sustaining demurrer taking the objection that the jurisdiction of the Cleburne county court (since abolished by law) was not invoked in the cause of *Martin v. Martin,* for that the bill in that cause did not contain the jurisdictional allegation of bona fide residence of the complainant therein in this state "for·one year next before the filing of the bill,"

8—173

according to the requirement of the statute above quoted.

The statute (section 3802), in the particular now important, requires of the complainant the allegation (and proof, after jurisdiction obtained) of three distinct, yet concurring, facts, viz.: (a) Bona fide residence in the state; (b) that residence for one year; (c) and that year to run back, continuously, from "the filing of the bill." In this particular the statute is incapable of any other construction. Even though the rule of favor to judgments and decrees collaterally assailed, to which we have adverted and which we have approved as upon the authority of *King v. Kent, supra,* is extended to the bill exhibited in *Martin v. Martin,* we are constrained, after most cautious consideration, to the conclusion that the bill omitted jurisdictional averments, thereby wholly avoiding the decree of the Cleburne court.

Unless by construction we supply vital omissions in the bill—a process not allowable—it is seen that the bill is entirely silent as to the relation of the "more than three years" bona fide residence of complainant *to* the date of "the filing of the bill." Such bona fide residence could have existed in all perfection, and yet not have included "one year next before the filing of the bill." It might have comprehended a period terminating more than "one year next before the filing of the bill," or have continued within the period of "more than three years," but a part, *only,* of the "one year next before the filing of the bill." The verb *"has been,"* descriptive of past action, added nothing to the allegation in respect of the relation of the three-year period averred *to* the essential fact of residence for the requisite period of "one year next before the filing of the bill." The verb did, of course, refer the · residence

[Martin v. Martin, et al.]

alleged to a period *before* the bill was filed, but did not make a part of the period so averred the year *next* before the bill was filed. And this construction is strengthened, if not expressly confirmed, by the allegation "that they lived together until June 4, 1906, as man and wife, *most* of the time residing in Cleburne county, Ala." The period referred to was within one year before the bill was filed. "Most" signified, not *all*, but *nearly all*, of the time elapsing between the date of the marriage and June 4, 1906. The view indicated, on like inquiries, was taken and approved in the following decisions of other tribunals: *Haymond v. Haymond,* 74 Tex. 414, 12 S. W. 90; *Collins v. Collins, supra; Johnson v. Johnson,* 95 Mo. App. 329, 68 S. W. 971.

Where from the face of the record it appears that the judgment or decree is wholly void, delay or inaction of the party whose rights would be affected thereby will not, cannot, invest the judgment or decree with power and vitality.—*Sweeney v. Tritsch,* 151 Ala. 242, 44 South. 184. It is a nullity under all circumstances. It appearing from this bill that the decree of divorce of the Cleburne county court in the cause of *Martin v. Martin* was void for want of jurisdiction, the demurrer of the defendants, raising the objection that according to this bill complainant was not the *widow* of M. J. Martin, deceased, should have been overruled. The decree of divorce being void, she survived as his *widow.* In this particular the decree sustaining the demurrer of the defendants is, we think, erronous.

The separate demurrers of the defendants Hanson and Studdard were properly sustained. They are sureties on the administrator's bond merely, and are not proper parties to this bill to remove the administration of intestate's estate from the probate into the chancery court.

The decree appealed from is reversed to the extent and in the respect indicated, and affirmed in the particular that the demurrer of Hanson and Studdard is sustained. The cause is remanded.

Reversed in part, affirmed in part, and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.