(98 South. 813)

**WATTERS v. WATTERS.   (6 Div. 31.)**

(Supreme Court of Alabama.   Jan. 17, 1924.)

**1. Equity ☞454—Leave not necessary to file bill in nature of review.**

Leave of court is not necessary for filing of a bill in the nature of a bill for review.

**2. Divorce ☞79—Agency of attorney to make affidavit of nonresidence of defendant not shown by record.**

In suit for divorce, where affidavit of defendant's nonresidence was made by complainant's attorney, but the fact of agency was not recited therein, the authority of the attorney to act in the premises was not sufficiently shown within chancery rule 22 (Code 1907, vol. 2, p. 1535), and such affidavit was insufficient.

**3. Divorce ☞79—Decree against nonresident only on strict compliance with statute and rules.**

To support a decree against a nonresident defendant on publication only, the statutes and rules of practice must be strictly observed, and the facts showing compliance must appear by record.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in the nature of a bill of review by Elsa F. Watters against Edwin B. Watters, to vacate a decree of divorce. From a decree overruling demurrer to the bill, respondent appeals. Affirmed.

W. E. Howard, of Birmingham, for appellant.

If the affidavit was not sufficient, it was a mere irregularity, which could not be attacked after 12 months from rendition of final decree. Fraud will not be imputed, when the facts and circumstances from which it is supposed to arise are consistent with honesty of intention. Code 1907, § 3170; Thames v. Rembert's Adm'r, 63 Ala. 561; Harrell v. Mitchell, 61 Ala. 270; Pollak v. Searcy, 84 Ala. 259, 4 South. 137. Complainant's allegation that respondent knew her exact address is a mere conclusion of the pleader, and demurrer should have been sustained. McDonald v. Pearson, 114 Ala. 642, 21 South. 534.

Erle Pettus, of Birmingham, for appellee.

To support a decree against a nonresident on publication only, the statutes and rules of practice must be strictly complied with.

Paulling's Adm'rs v. Creagh's Adm'r, 63 Ala. 398; Chancery rule 22, 2 Code 1907, p. 1535; Holly v. Bass's Adm'r, 63 Ala. 387. Where affidavit is made by one person in behalf of another, the fact of agency must be shown. 2 C. J. 323; B. R. Co. v. Barron, 150 Ala. 232, 43 South. 346.

THOMAS, J. The bill is in the nature of a bill of review, filed more than two years after rendition of the final decree sought to be set aside for fraud (Sims v. Riggins, 201 Ala. 99, 77 South. 393; Peters Mineral Land Co. v. Hooper, 208 Ala. 324, 94 South. 606; Code 1907, § 4852), and demurrer thereto was sustained. An amendment of the bill exhibited the affidavit of nonresidence filed in the original suit resulting in the judgment challenged, and later the bill was otherwise amended.

[1] Leave of the court to file the amended bill was had, as a matter of precaution, though this is not necessary for the filing of a bill in the nature of a bill of review, as was the instant bill. Clements v. Clements, 200 Ala. 529, 76 South. 855; Johnson v. Johnson, 182 Ala. 376, 381, 62 South. 706; McDonald v. Pearson, 114 Ala. 630, 647, 21 South. 534; Hogan v. Scott, 186 Ala. 310, 65 South. 209; 2 Dan. Ch. Pl. & Pr. 1584.

The original bill and decree were for divorce. The ground therefor was that respondent was "an habitual drunkard." That pleading is signed by complainant's attorney, and the affidavit of nonresidence is:

"The State of Alabama, Jefferson County.

"Circuit Court, Tenth Judicial Circuit of Alabama, in Equity.

"Edwin B. Watters, Complainant, v. Elsa F. Watters, Defendant.

"Personally appeared before me Hunter Armstrong, register of the circuit court, Tenth judicial circuit of Alabama, H. W. Phillips, solicitor for complainant, who, being duly sworn, deposes and says that he is informed and verily believes that Elsa F. Watters, the defendant in the above stated cause, is a nonresident of Alabama, and whose residence is New York City, state of New York, and that said defendant is in the belief of affiant over twenty-one years of age.          H. W. Phillips.

"Sworn to and subscribed before me this 27th day of February, 1920.

"Hunter Armstrong, Register."

It is alleged in the bill, as amended, that the "order of publication" recited that it was on "affidavit * * * of H. W. Phillips, as agent of the complainant in that case, giving the address of said Mrs. Elsa F. Watters as New York City, state of New York," and that a "decree pro confesso was taken"; that the affidavit of nonmilitary service which was filed recited that W. E. Howard, complainant, makes oath and that the same is signed by said Howard; that

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the decree granted recited that the submission was "upon the bill of complaint, decree pro confesso, nonmilitary affidavit, and testimony as noted by the register."

The bill further avers that the "exact address" of respondent (in original suit) was known to the said Edwin B. Watters, the complainant therein (respondent herein), at the time of filing of the suit; that she·never received any notice by registered mail or otherwise of the filing of said suit; that she was not guilty of the things charged against her; that the affidavit of nonresidence is not made in the manner required by law; and that there was failure of compliance with Acts 1919, p. 557, in failing to give her "post office address" or to aver that the same was "unknown" and could not "be ascertained after reasonable effort." Code 1907, vol. 2, chancery rule 22, p. 1535; Gill v. More, 200 Ala. 511, 516, 76 South. 453.

[2] The fact of agency is not recited in the affidavit, nor is the authority of said Phillips to act in the premises sufficiently shown by the record. Code 1907, vol. 2, chancery rule 22, p. 1535; Birmingham Realty Co. v. Barron, 150 Ala. 232, 43 South. 346; L. R. A. 1918F, 633, note; 3 A. L. R. 133, note.

[3] To support a decree against a nonresident defendant on publication only, the statutes and rules of practice must be strictly observed, and the facts showing a compliance must appear by the record. Paulling's Adm'rs v. Creagh's Adm'rs, 63 Ala. 389; Holly v. Bass' Adm'r, 63 Ala. 387; Hartley v. Bloodgood, 16 Ala. 233; Hanson v. Patterson, 17 Ala. 738; Clark v. Gilmer, 28 Ala. 265; Keiffer v. Barney, 31 Ala. 192; Gill v. More, 200 Ala. 511, 516, 76 South. 453; Hamilton v. Tolley, 209 Ala. 533, 96 South. 584.

The decree of the circuit court, in equity, is affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.