(106 So. 507)

**PARKER v. COWAN. (8 Div. 720.)**

(Supreme Court of Alabama. Dec. 10, 1925.)

**1. Divorce ⊜79—Agency of affiant sufficiently shown by recital in affidavit of defendant's nonresidence.**

In divorce suit, where defendant was served by publication only, affidavit as to defendant's nonresidence sufficiently disclosed fact of agency of affiant, where such agency was recited therein.

**2. Divorce ⊜79—Bill and affidavit for service by publication held sufficient, though not averring that defendant's post office address was unknown.**

Bill and affidavit for service by publication in divorce suit, showing that residence of defendant was unknown, was not defective for failure to aver that defendant's post office address was unknown; Acts 1915, p. 604, having no application.

**3. Divorce ⊜79—Service by publication held sufficient.**

Where divorce suit was brought against nonresident husband upon service by publication, Acts 1919, p. 557, relating to service of nonresidents, does not apply, in view of provisions of section 5 thereof, which expressly state mode of service therein provided to be additional, and not exclusive of any other provided by law.

**4. Process ⊜85—Statutes relating to service on nonresidents differentiated.**

Acts 1919, p. 557, relating to service of nonresidents, was intended to embrace cases where judgment was to become final after expiration of 30 days, just as in cases of personal service, instead of 12 months' period provided by Code 1907, §§ 3170, 3171, for ordinary publication cases, and Legislature intended thus to create class within itself, and not as affecting Acts 1915, p. 604.

Appeal from Circuit Court, Morgan County; James E. Horton, Judge.

Bill in equity by Percy J. Parker against Hooper M. Cowan. From a decree dismissing the bill, complainant appeals. Affirmed.

W. W. Callahan, of Decatur, for appellant.

Where an affidavit is made by an agent, the fact of agency and authority of the agent must be averred therein. Watters v. Watters, 210 Ala. 550, 98 So. 813; 1 R. C. L. (Aff.) § 15; chancery rule 22, 4 Code 1923, p. 914; Ex parte Bank of Monroe, 7 Hill (N. Y.) 177, 42 Am. Dec. 61, n. 63; Taylor v. Sutherlin,

107 Va. 787, 60 S. E. 132, 14 L. R. A. (N. S.) 1135.

The jurisdiction of divorce in a court of equity is special and limited, and jurisdictional facts must affirmatively appear from the record. Crimm v. Crimm, 211 Ala. 13, 99 So. 301; Martin v. Martin, 173 Ala. 106, 55 So. 632; Code 1907, § 3104; Acts 1915, p. 604; Visible Measure Gas Disp. Co. v. McCarty Drug Co., 206 Ala. 588, 91 So. 383; McCammon v. McCammon, 206 Ala. 165, 89 So. 455; Acts 1919, p. 557. Acts 1919, p. 557, must be strictly followed. State v. Ellis. 211 Ala. 489, 100 So. 866; 54 Wash. 70, 102 P. 891, L. R. A. 1917B, 435, 18 Ann. Cas. 999; Ponder v. Martin, 119 Miss. 156, 80 So. 388.

GARDNER, J. ·This suit for the annulment of the marriage contract, entered into between the parties in February, 1923, rests principally upon the insistence that the decree of divorce granted respondent from her former husband is void. In the divorce proceedings respondent here was complainant, and her husband was made a party thereto by publication as one whose place of residence was unknown, and no appearance was entered.

The bill for divorce in the original cause, which was filed in July, 1920, alleged that "the defendant is a nonresident of the state of Alabama, and his residence is not known to complainant, and cannot be ascertained after reasonable effort." It is not sworn to, but there was an affidavit by one G. B. Sefken, as follows:

"The State of Alabama, Jefferson County.

"Hooper Mitchell Cowan, Complainant, v. Edwin Barrett Cowan, Defendant.

"Circuit Court, Tenth Judicial Circuit of Alabama, in Equity.

"Personally appeared before me, Hunter Armstrong, register of the circuit court, tenth judicial circuit of Alabama, G. B. Sefken, agent of complainant, who, being duly sworn, deposes and says that he is informed and verily believes that Edwin Barrett Cowan, the defendant in the above styled cause, is a nonresident of Alabama, and whose residence is unknown, and said defendant is in the belief of affiant over twenty-one years of age.

"[Signed] G. B. Sefken.

"Sworn to and subscribed before me this 21st day of July, 1920.

"Hunter Armstrong, Register."

. [1] It is insisted that the jurisdiction of courts of equity to render divorce decrees is purely statutory, and in that respect they are in the exercise of a special, limited jurisdiction, and jurisdictional facts must affirmatively appear from the record (Martin v. Martin, 173 Ala. 106, 55 So. 632; Johnson v. Johnson, 182 Ala. 376, 62 So. 706; Crimm v. Crimm, 211 Ala. 13, 99 So. 301), and that the above affidavit is insufficient in that the fact

of agency is not made to appear. Watters v. Watters, 210 Ala. 550, 98 So. 813.

In 2 Cyc. 17, it appears that the weight of authority is to the effect that the affidavit is sufficient in this respect, if the fact of agency be stated by way of recital. An examination of the authorities cited in the note discloses that the statement of the text is fully supported. Among those so cited is our own authority of Birmingham Realty Co. v. Barron, 150 Ala. 232, 43 So. 346, holding in line with the majority view, and citing approvingly 2 Cyc., supra. The fact of agency sufficiently appears by way of recital, and is sufficient under these authorities. The effect of our holding in Birmingham Realty Co. v. Barron, supra, seems to have escaped attention of the court in the Watters Case, supra. We adhere to our former holding in the Barron Case, and the Watters Case must be therefore disapproved.

[2] It is further urged that the bill and affidavit are defective in failing to aver that the post office address of the defendant was unknown, and our attention is directed to Acts 1915, p. 604, and the Mississippi authority of Ponder v. Martin, 119 Miss. 156, 80 So. 388. But, whatever may be said as to such requirement under this act, it can very clearly have no reference in this respect to a case where the bill and affidavit disclose the residence of the defendant is unknown, for in such a case there could not consistently exist a requirement of the post office address. Such was not the situation in the Mississippi case, supra, and this authority is therefore not here applicable.

[3] It is further urged that there has not been a compliance with certain provisions of the Acts of 1919, p. 557. This act was not intended to apply to cases of this character, in view of the provisions of section 5 thereof, which expressly state that the mode of service therein provided shall be an additional mode of service and not exclusive of any other mode provided by law. The act further provides in section 4 that all orders and decrees rendered in causes under such service shall become final after the expiration of 30 days, thus differing materially, at least so far as equity cases are concerned, from the ordinary publication cases, wherein by virtue of sections 3170, 3171, Code of 1907, such decrees do not become final until the expiration of 12 months. McCammon v. McCammon, 206 Ala. 165, 89 So. 455.

[4] The act of 1919 was intended to embrace those cases where the judgment was to become final just as in personal service cases, in the event its provisions were followed, and that the Legislature intended to thus create this a class within itself and not as affecting the Acts of 1915, p. 604.

There are averments that the decree in the divorce case was procured by fraud, but it is not here insisted that this complainant is in position to attack that decree upon this

general ground (Kinnier v. Kinnier, 45 N. Y. 535, 6 Am. Rep. 132, note 3 A. R. C. 265), and this feature of the bill we have considered as abandoned.

The decree is affirmed.

Affirmed.

All the Justices concur.