(128 So. 440)
### ANTHONY v. ANTHONY et al.
I Div. 596.

Supreme Court of Alabama.
May 15, 1930.

George A. Sossaman, of Mobile, for appellees.

·Inge, Stallworth & Inge, of Mobile, for appellant.

## BOULDIN, J.

The issue on the merits is: Who was the lawful wife of Sylvester Anthony, otherwise known as Sylvester Anthony Napoleon, at the time of his death in 1928?

After his death, "Roxie," with whom he was living as his lawful wife, following a regular marriage in apparent good faith on the part of both, made application, was appointed and qualified as administratrix of his estate.

Appraisers were appointed and a commission issued to set apart to her as the widow the homestead and personal exemptions allowed by law. On their report coming in, "Susan", claiming to be the lawful wife, intervened and filed exceptions.

Pending a hearing on these exceptions, Steve Anthony, brother and heir at law of decedent, filed his statutory petition for removal of the administration into the court of equity, and order of removal was accordingly entered.

The court of equity proceeded to a trial of the issue on the matter of exemptions, resulting in a decree sustaining the exceptions of Susan Napoleon. This upon the ground that being the lawful wife of decedent, a divorce proceeding by the husband against her as a nonresident was void; and therefore the attempted marriage to Roxie thereafter was also void.

The appeal is from this decree.

 Appellee moves to dismiss the appeal because not taken within the time prescribed by law.

Appellee conceives the appeal is governed by Code, § 7939.

This section, appearing in the chapter on Exemptions and in the article dealing with setting apart exemptions to widows and minors, is limited by its terms to appeals from decrees of probate courts.

It is suggested that exemption proceedings are not part of the administration, are not transferred to the court of equity on removal of the administration, and for that reason neither the court of equity nor this court has ever acquired jurisdiction.

These exemption proceedings are in course of administration, instituted in connection with the appraisement of the estate, and intended to segregate the exempt property and withdraw it from further administration. They are part of the orderly administration of the estate provided by law.

Removal of the administration to the court of equity, authorized at any time before jurisdiction is taken on final settlement, carries everything into the court of equity, divests the probate court of all jurisdiction in connection with the administration. The administration cannot be split up leaving some one or more proceedings still pending in the probate court. McCraw v. Cooper, 215 Ala. 51, 108 So. 850; Kimball et al. v. Cunningham Hardware Co. et al., 197 Ala. 631, 73 So. 323.

In connection with section 7939, providing for an appeal from a decree in the probate court on exceptions in exemption cases within twenty days, we note that in the special article on Appeals from Probate Courts, several special appeals are provided for a speedy review of matters arising in connection with estates of decedents and their due administration. For example, in will contests appeals may be taken within thirty days, contests between rival claimants to be appointed executors or administrators within thirty days, orders removing executors or administrators within five days, upon the issue of insolvency or the allowance of a claim against an insolvent estate within thirty days. Code, § 6115 (2856).

As pointed out in Herring v. Griffin, 211 Ala. 225, 100 So. 202, such statutes are a part of a legislative scheme for the speedy determination of such matters, the avoidance of undue delay and expense in administering estates of decedents.

While the Legislature has authorized the removal of administrations into equity on the mere election of any party in interest upon making the statutory affidavit, no provision has been made for reviewing similar decrees of the equity court by prompt appeal. Unless treated as final decrees, appealable within six months, they seem to be reviewable only under the general supervisory power of this court through mandamus or other appropriate writ.

Surely such situation may contribute to the proverbially slow processes of equity procedure, and may well be considered by the Legislature.

But we find nothing in our statutes which would warrant us in applying special statutes expressly relating to appeals from probate decrees to similar decrees rendered in the equity court.

As for the decree here involved, one finally disposing of the issue as to exemptions, it was declared a final decree, and subject to the six months' limitation, in the absence of a statute fixing a different limitation in Herring v. Griffin, supra.

We may add the decree in the present case is more far-reaching than one involving merely the exemptions to a widow, or minor children, or both. It really involves the succession to the entire personal estate, and dower rights, if any, along with the homestead exemption.

It must be held a final decree, appealable under Code, § 6078, and within six months, Code, § 6127.

This brings us to consider the question of the validity of the divorce decree.

The question of moment turns on the sufficiency of the affidavit of nonresidence as a basis for publication and constructive service on the respondent.

The affidavit, which appears in full in the report of the case, was made by Z. M. P. Inge. It fails on its face to show he was agent of complainant. Chancery Rule 22 requires the affidavit to be made by "the complainant or his agent."

Divorce proceedings are statutory and jurisdiction must affirmatively appear from the record. Constructive service on a nonresident is subject to the same rule in all proceedings. Otherwise, the proceedings are void for want of jurisdiction and subject to collateral attack. Parker v. Cowan, 214 Ala. 69, 106 So. 507; Tillery v. Tillery, 217 Ala. 142, 115 So. 27.

No lapse of twenty years, nor any other period of time, can cure a decree void upon the face of the record. A mere nullity, its invalidity may be set up at any time. Martin v. Martin, 173 Ala. 106, 55 So. 632; Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184.

But in construing the record of judicial proceedings all reasonable intendments will be indulged to sustain the same as against collateral attack. Martin v. Martin, 173 Ala. 106, 55 So. 632; King v. Kent's Heirs, 29 Ala. 542.

It is now settled in this state, as elsewhere, that a recital in the affidavit of nonresidence that affiant is agent of complainant is sufficient. Parker v. Cowan, 214 Ala. 69, 106 So. 507; Birmingham Realty Co. v. Barron, 150 Ala. 232, 43 So. 346.

Here the affidavit does not recite the relation of affiant to the complainant, but the record before the court in the divorce proceeding did show he was solicitor for complainant. His name was signed to the bill as such.

Reduced to last analysis, the question is: Does this suffice to save the decree of divorce on collateral attack?

Complainant's attorney is an agent with implied authority to make necessary affidavits in judicial proceedings he is employed to conduct. Kirksey v. Jones, 7 Ala. 622; 6 C. J. p. 647, § 154.

The affidavit makes direct reference to "Susan Napoleon, respondent in the above entitled cause," the cause set up in the bill. If not appended to the bill itself, it was sworn to and filed on the same date as the bill.

All this being shown of record, we think the affidavit and bill so related as to afford a fair intendment from the face of the record that the affidavit was made by Mr. Inge, as solicitor for complainant.

The point is made that the register's certificate of notice recites that a copy was sent to "defendant, Sylvester Napoleon (instead of Susan Napoleon), at Scranton, Miss., as shown by the affidavit in the cause." This, we regard as self-correcting.

We therefore conclude that the trial court erred in holding the divorce decree a nullity.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.