(132 So. 897)

### BORDERS v. BORDERS.

### 6 Div. 623.

Supreme Court of Alabama.
March 12, 1931.

H. M. Abercrombie and Jarrett Abercrombie, both of Birmingham, for appellant.

SAYRE, J.

Appellee filed her bill in the nature of a bill of review charging—or having in view to charge—that appellant had procured a decree of divorce from her by fraud. Appellant's demurrer was overruled. Hence this appeal.

Appellee's bill is substantially defective in two respects. In the first place, the bill in the original cause, the bill for divorce, averred that the defendant in that cause, complainant and appellee in this, "is a nonresident of the State of Alabama, and whose last known address is Texas, a more definite address being unknown to your complainant at this time, and cannot be ascertained after reasonable effort." This averment was supported by the affidavit of the attorney for complainant in that cause and, along with the order of publication according to the statute, gave the court warrant to proceed to final decree in the absence of complainant in this cause. Parker v. Cowan, 214 Ala. 69, 106 So. 507, wherein Watters v. Watters, 210 Ala. 550, 98 So. 813, was overruled on this point. In other words, the effect of the affidavit was that the residence of the defendant in that case, complainant in this, was unknown. In the bill in this cause the averment is that oratrix "was at said time [the time of the filing of the bill for divorce] a bona fide resident of Birmingham, Jefferson County, Alabama, as aforesaid, and that she was not a

non-resident of the State of Alabama as was sworn and deposed to in said affidavit as aforesaid." It will be observed that there is no averment that defendant in this cause knew the address of the defendant in the original cause, complainant in this. The charge here is that "the statement made in said affidavit that your oratrix was a nonresident as aforesaid was false." The averment now is that complainant in this cause was a resident of this state; but there is no averment that defendant here when making the affidavit knew the place of the residence of the defendant on the original cause. In other words, the affidavit of nonresidence, purporting to be made on information and belief, though false in fact as the bill here charges, may have been made in perfect good faith. If so, the court acquired jurisdiction in the original cause and the decree therein cannot be set aside unless upon a charge of fraud, that is, that the bill and affidavit in that cause were fraudulently false, were in fact false and fraudulenty made. Wise v. Miller, 215 Ala. 660, 111 So. 913.

In the second place, the bill here does not deny that defendant in this cause, complainant in the original cause, had good ground for divorce—the cause alleged in the original bill. The burden of averment and proof as to that rests upon complainant in this cause, for, if complainant in the original cause had on the facts good ground for divorce, it would serve no purpose of justice or equity to set aside the decree. Crafts v. Dexter, 8 Ala. 767, 42 Am. Dec. 666; Dunklin v. Wilson, 64 Ala. 162.

The demurrer to complainant's bill in this cause was well taken. The decree overruling it is reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.