181 So. 761

## Ex parte STATE ex rel. TUCKER.

### 6 Div. 338.

Supreme Court of Alabama.

May 26, 1938.

Rehearing Denied June 16, 1938.

Rushton, Crenshaw & Rushton, of Montgomery, for petitioner.

S. A. Lynne, of Decatur, for respondent.

PER CURIAM.

It is well settled that "an election is a political matter with which courts of equity have nothing to do," and as observed by Professor Pomeroy in his work on Equity Jurisprudence: "An injunction will not issue, as a general rule, for the purpose of restraining the holding of an election, or directing or controlling the mode in which, or determining the rules of law in pursuance of which, an election shall be held. An election is a political matter, with which courts of equity having nothing to do. Moreover, the effect of interference in such matters might often result in the destruction of the government. This is especially so when the relief is sought to prevent the holding of an election. 'The attempt to check the free expression of opinion—to forbid the peaceable assemblage of the people—to obstruct freedom of elections if successful, would result in the overthrow of all liberty regulated by law. The mere effort to assume such power is dangerous to the rights of the citizen. If the courts can dictate to the officers of the people that they shall not hold an election from fear of some imaginary wrong, then people and officers are entirely subservient to the courts, and the consequences are too fearful to contemplate.'" 4 Pomeroy's Equity Jurisprudence, 4th Ed, p. 4067.

10 Ruling Case Law states the rule as follows:

"Matters of a political character are also outside the pale of a court of equity, no such jurisdiction having ever been conceded to a chancery court, either in a federal or state judiciary, unless it is so provided expressly or impliedly by organic or statute laws. The political rights of a citizen are as sacred as are his rights to personal liberty or property, but he must go to a court of law for them. A court of equity is a one-man power, wielding the strong force of injunction, often issued at chambers, and on ex parte hearing. Neither in England nor America has this power been suffered to extend to political affairs." Code, 1923, § 549; Wilkinson v. Henry, County Treasurer, et al. 221 Ala. 254, 128 So. 362, 70 A.L.

R. 712; Giles v. Harris, 189 U.S. 475, 23 S.Ct. 639, 47 L.Ed. 909; Jones et al. v. Black et al. 48 Ala. 540.

The motion to quash the rule nisi, and the demurrers to the petition, are overruled, and unless the respondent is content to dismiss the bill filed by Drake, in the circuit court of Cullman County, the peremptory writ of prohibition will issue as prayed.

Writ of prohibition ordered, conditionally.

ANDERSON, C. J., and GARDNER, BOULDIN, and FOSTER, JJ., concur.