19 So.2d 385

### BOYD v. GARRISON, Judge of Probate, et al.

#### 6 Div. 285.

Supreme Court of Alabama.

Oct. 11, 1944.

Rehearing Denied Oct. 19, 1944.

Horace C. Wilkinson, of Birmingham, and Arthur Fite, of Jasper, for appellant.

Beddow, Ray & Jones, of Birmingham, for appellees.

FOSTER, Justice.

This is a suit at law by Terrell S. Boyd in the circuit court seeking a declaratory judgment to the effect that the certificate of nomination issued to Jesse Daniel was not sufficient to justify the insertion of his name as the Democratic nominee for the office of member of the Board of Revenue of Walker County, for that T. S. Boyd had been regularly declared by the county Democratic Executive Committee to be such nominee, and the certificate to Daniel was

void because it resulted from a contest of Boyd's nomination by Daniel and that the contest was void because the petition as filed by him did not contain the jurisdictional allegations to justify the executive committee to entertain the contest, and for other reasons which do not seem to need discussion.

The petition in this suit also sought a writ of prohibition to the judge of probate restraining him from causing the name of Jesse Daniel to be printed on the official ballot as the Democratic nominee for said office, and (by amendment) a mandamus to the judge of probate requiring him to print the name of Boyd, the petitioner, on the official ballot as the nominee for said office.

We will take a look at the procedure whereby Boyd seeks relief. He seeks a writ of prohibition to the judge of probate to restrain him from causing the name of Daniel to be printed on the official ballot. It was apparently filed on the law side of the docket. The so-called writ of prohibition is not here sought for the purpose of prohibiting the judge of probate from proceeding in a judicial way to decide a matter which he has no jurisdiction to do. But it is not different in effect from enjoining him from doing a specific act. It is in substance an injunction sought rather than what is essentially a matter within the range of a writ of prohibition. Hill v. Wittmeier, 209 Ala. 355, 96 So. 327; State Tax Comm. v. Bailey & Howard, 179 Ala. 620, 60 So. 913; Strother v. McCord, 222 Ala. 450, 132 So. 717; Ex parte Burch, 236 Ala. 662, 184 So. 694.

■ The act of the judge of probate in printing the ballots and inserting the names of the nominees at a primary as certified to him, as directed by section 145, Title 17, Code of 1940, is a ministerial act. The fact that the certificate must show a compliance with the law in clear and unambiguous language does not involve a judicial inquiry. See, Kinney v. House, 243 Ala. 393, 10 So.2d 167.

■ Prohibition will not lie to restrain a judicial officer from doing an unauthorized act unless the act is of a judicial nature. State Tax Comm. v. Bailey & Howard, 179 Ala. 620, 60 So. 913.

We also observe that under section 235, Title 17, Code of 1940, no jurisdiction can be exercised by any judge, court or officer exercising chancery powers to entertain any cause or proceeding for ascertaining the legality of an election or "whereby any certificate of election is sought to be inquired into or questioned, save as may be specially and specifically enumerated and set down by statute."

■■ A certificate of nomination in a primary gives to its holder a quasi office with limited effect in value and in time. But it is a valuable right of the same sort as a certificate of election to an office which is more lasting and permanent. 18 Amer. Jur. 285, section 157. The substance of this statute has been applied to primary elections. Wilkinson v. Henry, 221 Ala. 254, 128 So. 362, 70 A.L.R. 712; Ex parte State ex rel. Tucker, 236 Ala. 284, 181 So. 761.

■ Any judicial proceeding to restrain, prohibit or enjoin the probate judge from acting on the certificate is in the nature of an injunction as in equity which is the appropriate proceeding to prevent an officer from doing a ministerial act. This is expressly prohibited by law in respect to the present situation (see 18 Amer.Jur. 387, section 326), and the writ of prohibition is not at all appropriate for such purpose. 18 Amer.Jur. 389, section 329. There was no error in so holding by the trial court.

■ But insofar as the petition seeks to have a declaration as to the validity and legal effect of the contest proceedings, thereby seeking no restraining order or prohibition, we see no reason why the Declaratory Judgment Act, section 156 et seq., Title 7, Code of 1940, is not available. See Avery Freight Lines v. White, 245 Ala. 618, 18 So.2d 394(8), 400.

We there held that such proceeding was usable to construe the judgment of a court as it affects the rights of parties after that court had lost all control over it and there was an actual controversy as to its meaning or effect as it appears on record; that is "whether it is void in toto or in part; whether errors in that decree, if any, were errors reviewable only on appeal, or were jurisdictional; to what extent, if any, (the decree) was without jurisdiction of the court and void."

The inquiry in such proceeding as here applied relates to the question of whether the county executive committee acquired jurisdiction of the contest so as to give it power to hear the controversy sought to be presented. That is a serious and important question.

Section 378, Title 17, Code, requires that "any elector of a party desiring to contest the nomination by his party of any candidate declared the nominee for any office shall make a statement in writing setting forth specifically: The name of the party contesting, and that he was a qualified elector when the primary was held and he participated therein," and other matters which specify the grounds of contest. Section 380, Title 17, Code, requires this to be filed with the chairman of the county executive committee, which shall hear and determine the contest.

This was so heard and determined in favor of contestant. An appeal to the State Executive Committee by the contestee had the same result. All was certified to the probate judge so that he could insert contestant's name as the nominee.

A copy of the petition of contest is attached as an exhibit to the instant petition. It was filed May 8, 1944. The primary was held May 2, 1944. It alleges that contestant "is over the age of twenty-one years and a qualified elector of precinct No. 14 in Walker County, Alabama." "And that petitioner participated in said primary election," and that he and contestee "were candidates for this nomination in said primary election"; "and the electors of said precinct (including No. 14) only participating in said nomination."

The instant petition alleges that contestee appeared before the Democratic Executive Committee "and made a motion before said committee to dismiss said contest on the ground that the statement or petition of contest did not aver specifically that Jesse Daniel was a qualified elector when the primary was held as required by section 378, Title 17, Code of Alabama of 1940. The motion was overruled and over plaintiff's objection and protest the Walker County Democratic Executive Committee proceeded to hear said contest."

Under section 139, Constitution, the legislature may by law invest any person with powers of a judicial nature. State Tax Comm. v. Bailey & Howard, 179 Ala. 620, 60 So. 913; State Tax Comm. v. Stanley, 234 Ala. 66, 173 So. 609. See other cases in Skinner's Alabama Const. Anno., page 584.

Section 378 et seq., Title 17, Code of 1940, confer on the county and state party committees powers, such as those conferred on a court of special and limited jurisdiction.

To support its proceedings its records must affirmatively show jurisdiction. Com'rs Court of Lowndes County v. Hearne, 59 Ala. 371; Com'rs Court of Blount County v. Johnson, 145 Ala. 553, 39 So. 910; Mayfield v. Court of County Com'rs, 148 Ala. 548, 41 So. 932; Com'rs Court of Henry County v. Holland, 177 Ala. 60, 58 So. 270; Ferguson v. Com'rs Court, 187 Ala. 645, 65 So. 1028; Wiley v. State, 117 Ala. 158, 23 So. 690; Goodwater Warehouse Co. v. Street, 137 Ala. 621, 34 So. 903; Martin v. Martin, 173 Ala. 106, 55 So. 632.

And unless the necessary allegation is made in the petition to quicken jurisdiction of the court, the fact that it is found to exist and so declared in subsequent proceedings will not save it from total invalidity, Alford v. Claborne, 229 Ala. 401, 157 So. 226; Bank of Columbia v. McElroy, 231 Ala. 454, 165 So. 105; Boozer v. Boozer, Ala.Sup., 16 So.2d 863, 864[1]—unless the court is by statute declared to be of general jurisdiction. Stephens v. Court of County Com'rs, 180 Ala. 531, 61 So. 917; Cook v. Com'rs Court of Walker County, 178 Ala. 394, 59 So. 483. No such statute appears in respect to party executive committees.

An appeal to the State Executive Committee is authorized by section 382, Title 17, Code of 1940. Contestee took that appeal and it was heard by a subcommittee as authorized by section 394, Title 17, Code. That committee's decision was in agreement with the county committee. "But when the court has no power to sit, nor has (been given) general jurisdiction over that nature of proceeding or over the parties, it cannot make any effective order." Carter v. Mitchell, 225 Ala. 287, 292 (11 and 12), 142 So. 514; Ex parte Connor, 240 Ala. 327(7), 198 So. 850; Moffatt v. Cassimus, 238 Ala. 99, 190 So. 299.

A court cannot of its own motion assume jurisdiction. It is necessary that some person shall in a legal way invoke its action. 21 C.J.S., Courts, § 81, p. 121; Ex parte Pearson, 241 Ala. 467, 3 So.2d 5.

These questions have usually arisen on certiorari. But in any collateral attack wherein the question is properly raised

[1] 245 Ala. 264.

the proceeding must fall upon a holding that it is utterly void. Martin v. Martin, supra. Such is the issue made in the instant suit.

But in determining whether such averments have been made on collateral attack "that construction will be adopted that will support the judgment or decree, guarding, of course, against the supplying thereby of omitted essentials." Martin v. Martin, supra [173 Ala. 106, 55 So. 633]; Smith v. Gibson, 191 Ala. 305, 68 So. 143; Sams v. Sams, 242 Ala. 240, 241, 5 So.2d 774; Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820; Anthony v. Anthony, 221 Ala. 221, 128 So. 440.

In that connection the principle is thus stated in King v. Kent's Heirs, 29 Ala. 542, at page 554:

"While the principle, that the jurisdiction of courts of limited authority must be shown by the record, is too deeply rooted in our law for us to supply by intendment the omission of the jurisdictional facts from the record, authority, public policy, and justice alike require that, in determining whether the record does disclose the jurisdictional facts, we should construe the language of the record most favorably for the maintenance of the decree, and, where words are susceptible of two or more constructions, adopt that which will sustain the decree. We should understand the petition as it is reasonable to infer that the party who made it and the judge who acted upon it did understand it, and not as they were bound to understand it."

It is similar in this respect to a motion to dismiss a bill for want of equity under rules now obsolete. In passing on such a motion the court would consider amendable defects as made, and construe the allegations in a light most favorable to complainant. Bartee v. Matthews, 212 Ala. 667, 103 So. 874; Cunningham v. Wood, 224 Ala. 288(12), 140 So. 351; Seals v. Robinson, 75 Ala. 363; Glover v. Hembree, 82 Ala. 324, 8 So. 251; Hooper v. Savanah & M. R. Co., 69 Ala. 529; Scholze v. Steiner, 100 Ala. 148, 14 So. 552; Bell v. Montgomery Lt. Co., 103 Ala. 275, 15 So. 569; Sherer v. Garrison, 111 Ala. 228, 19 So. 988; Blackburn v. Fitzgerald, 130 Ala. 584, 30 So. 568.

This does not mean that "the bill is to be considered as amended so as to give it equity by the averment or averments of new, additional, or independent facts, but only as to amendable defects apparent on the face of the bill from the averments therein contained." Stephenson v. Atlas Coal Co., 147 Ala. 432, 41 So. 301; Savage v. Bradley, 149 Ala. 169, 43 So. 20, 123 Am. St.Rep. 30.

It must appear from the face of the bill that the amendment can be made. Tait v. American F. L. M. Co., 132 Ala. 193(4), 31 So. 623.

In construing an instrument of pleading the court will not presume that the pleader has violated the law in order to condemn it, O'Neil v. Birmingham Brewing Co., 101 Ala. 383, 13 So. 576; Van Antwerp v. Van Antwerp, 242 Ala. 92(21), 5 So.2d 73; McCurry v. Gibson, 108 Ala. 451 (6), 18 So. 806, 54 Am.St.Rep. 177—even in passing on a demurrer when the presumptions are against the pleader. And also on such demurrer the complaint will stand if it alleges matters from which the essential facts are necessarily implied or are presumed as a matter of law. Roney v. Dothan Produce Co., 217 Ala. 475, 117 So. 36; 49 Corpus Juris 39; 41 Amer.Jur. 314.

But on collateral attack or on motion to dismiss on account of the absence of averment if the complaint is ambiguous the court will give it such construction as will uphold the decree. And it will not be necessary that such is the necessary meaning of the words used nor that the law so presumes.

So that in passing on the sufficiency of the petition contesting the election in this collateral manner if the allegations of it may be so reasonably construed as to mean to allege the necessary matter though they may also be otherwise construed, the contest will not be declared void on that account for want of jurisdiction.

But we think that the allegations are sufficient whether on collateral attack (or motion to dismiss), or on special demurrer going directly to the question, for we think they are necessarily implied by what is stated, and in fact they are presumed by law to be true from such allegations, as we will now point out.

The petition alleges that contestant is over twenty-one years of age and a qualified elector of precinct No. 14. That alone may not be sufficient. It further alleges that he "participated in said primary election." This he could not legally do un-

less he was a qualified elector when the primary was held, section 347, Title 17, Code, and that he was a candidate "for nomination in said primary election" which he could not legally have been unless he was a qualified elector at that time, section 345, Title 17, Code, and that "the electors of said precinct only participating in said nomination," and that he desires to contest. If he was a candidate in it and only electors so participated, it results as a necessary inference that he was a qualified elector when the primary was held. And if he participated in the primary and was a candidate in it, the law will presume that he was then a qualified elector in the absence of anything to the contrary.

The Code, section 378, supra, requires. him to make the allegation in writing setting forth "specifically."

One meaning of "specific" is to make "definite." See, Webster's New International Dictionary. We do not think the statute meant to change a rule of pleading so as to make the use of certain words necessary to describe a status otherwise clearly shown.

It is our view that the foregoing discussion disposes of the contentions made in brief.

We think there was no error in the rulings of the trial court.

Affirmed.

THOMAS, LIVINGSTON, STAKELY, and SIMPSON, JJ., concur.

