37 So.2d 178

Ex parte POLLARD.

6 Div. 792.

Supreme Court of Alabama.

Oct. 14, 1948.

310

Curtis, Maddox & Johnson, of Jasper, for petitioner.

Fite and Fite, of Hamilton, and Arthur Fite and Arthur Fite, Jr., both of Jasper, for respondent.

LIVINGSTON, Justice.

Petition was filed in this Court on September 10, 1948, by Henry Pollard seeking to vacate, annul or supersede an order or decree rendered by the Hon. K. V. Fite, as Judge of the Twenty-Fifth Judicial Circuit of Alabama on September 3, 1948. Upon consideration thereof this Court ordered a rule nisi, requiring Judge Fite to show cause on October 4, 1948, why the writ of prohibition should not issue as prayed, restraining him from further proceeding in the matter of Ben Henson v. A. R. Burleson, as Chairman of the Marion County Democratic Executive Committee until the cause should be heard by this Court. On October 4, 1948, Judge Fite appeared and interposed his answer in this Court.

The petition before us and the answer of Judge Fite set forth the following pertinent facts and proceedings before the Marion County Democratic Executive Committee and before Judge Fite:

On the 4th day of May, 1948, a Democratic primary election was held in Marion County, Alabama, and Ben Henson and Henry Pollard duly qualified and did enter the said primary as candidates for member of the Marion County Board of Revenue from the Fifth District of said county. After said primary was held the returns were canvassed and it was determined that said Henson and Pollard had received the highest number of votes in said primary for said office, but neither of them had received a majority. Thereafter a second Democratic primary election was held to nominate a candidate for said office on the 1st day of June, 1948, and the names of said Pollard and Henson were voted for in said second primary. After said second primary was held on the 1st day of June, 1948, the returns were canvassed and it was found that said Henson had received a majority of the votes cast in said primary. Within five days after the 1st day of June, 1948, the said Pollard filed a contest with the chairman of the Marion County Democratic Executive Committee. Said committee on, to-wit, the 19th day of June, 1948, heard said contest and after hearing the evidence decided that it would not be able to declare either Henson or Pollard as the nominee of said office, and the said executive committee ordered a third primary election to be held for the election of a nominee for said office on the 31st day of August, 1948, and the said third primary election was held on said last named date. On the 28th day of July, 1948, A. R. Burleson, the chairman of the Marion County Democratic Executive Committtee filed with the probate judge

of Marion County a certificate which was as follows:

"State of Alabama,
"County of Marion.
Marion County Democratic Executive Committee.
"To R. R. Wright, Judge of Probate of said County:

"In the matter of the contest of Henry Pollard of the nomination of Ben Henson in the Primary of June 1st, 1948, as the nominee of the Democratic Party for member of the Board of Revenue of Marion County from District 5 of said county.

"You are hereby notified that the Marion County Democratic Executive Committee, after hearing the above contest did on July 23rd, 1948, by proper resolution and order of the said committee, direct that a new primary election be held between the said Henry Pollard and Ben Henson for nomination as member of the Board of Revenue from the 5th District of Marion County, and that said new primary election be held on Tuesday, August 31, 1948.

"You are given this notice in order that you may have prepared and printed the ballots necessary to be used in said election, the names of the candidates being Henry Pollard and Ben Henson. Said new primary election was directed and called under the authority of section 388 of Title 17 of the 1940 Code of Alabama.

"And I do hereby certify to you as the persons qualified to participate in said new primary election the names of Henry Pollard and Ben Henson.

"This the 28th day of July, 1948.
"A. R. Burleson
"A. R. Burleson, Chairman of the Marion · County Democratic Executive Committee.
'Filed July 28, 1948.
"R. R. Wright."

Pursuant to the said certificate the names of Ben Henson and Henry Pollard were printed upon the ballots for use and used in said primary election to be held and which was held on the 31st day of August, 1948. After the holding of the said third primary election, the said executive committee met and canvassed the returns thereof and found and declared that Ben Henson had received 383 votes in said third primary election and said Pollard had received 366 votes. That the said chairman after the result of said primary election had been determined and it was found that said Henson received a majority of the votes cast, said chairman called a closed session of the committee on the second day of September, 1948. It was on the said last date named that the returns of said third primary election were canvassed and it was publicly proclaimed that Henson had received a majority of the votes cast. After the holding of said closed session on said date the chairman of said executive committee signed a certificate as follows:

"State of Alabama,
"Marion County.

"I, A. R. Burleson, Chairman of the Marion County Democratic Executive Committee, and E. L. Irvin, as Secretary and Treasurer of said committee hereby certify that after the official count of an election held in Marion County, for member of Board of Revenue for District No. 5 in said county, hereby certify that Henry Pollard was the only candidate that had filed and paid qualification fees as placed by the said committee, and that the count showed that said Henry Pollard received 366 votes and was therefore declared the Democratic nominee in said election, the vote of the committee was 12 to 0 in favor of said nomination.

"This the 2nd day of September, 1948."
"A. R. Burleson
"Chairman of Marion County Democratic Executive Committee.
"E. L. Irvin
"Secretary."

Said certificate was based upon a claim by the committee or the chairman thereof that said Henson had not paid any qualification fee to enter the said third primary as a candidate and the said closed session of the said committee undertook to declare that Henson had not paid such qualification fee. Up to that time there had been no resolution passed by said county executive committee in regular session to require such a qualification fee and no such fee was legally assessed. Said certificate was posted on the bulle-

312

tin board in the courthouse at Hamilton, Alabama.

On said September 2, 1948, A. R. Burleson, as chairman of the Marion County Democratic Executive Committee filed the following statement with the probate judge of Marion County, Alabama:

"The State of Alabama,

"Marion County.

"To the Hon. R. R. Wright, Judge of Probate of Marion County, Alabama.

"You are hereby notified of the results of a new election held in District No. 5 in said county for member of Board of Revenue for said District No. 5. After the official count by the Marion County Democratic Executive Committee it was found that Henry Pollard was the only candidate qualified to receive votes in new election called by the said committee, to be held on August 31, 1948, the said Henry Pollard received 366 votes in said election, and the Democratic Executive Committee did by a vote of 12 to 0 vote for Henry Pollard, and did declare the said Henry Pollard the legal nominee, and that you cause the name of said Henry Pollard to be placed on the election ballot for the general election to be held in November, 1948.

"This Sept. 2, 1948.

"A. R. Burleson

"A. R. Burleson,

"Chairman of Marion County Democratic Committee.

"For Probate Judge

"Filed Sept. 2, 1948."

Also, on said September 2, 1948, said A. R. Burleson as chairman of Marion County Democratic Executive Committee, posted a "Recapitulation Sheet for Special Primary Election held August 31, 1948."

This recapitulation sheet is as follows:

"The State of Alabama

"County of Marion.

"I, A. R. Burleson, Chairman of the Marion County Democratic Executive Committee, hereby certify that on the 2d day of September, 1948, did meet to canvass the returns of a new election for member of Board of Revenue for District No. 5 in said Marion County, Ala., canvassed the returns of an election held in said district No. 5. This election was ordered after a contest between Henry Pollard and Ben Henson (* 1), ordered new election for said district No. 5 and opened the way for any person to qualify and pay fee of fifteen dollars into the said committee after an investigation it was found that Ben Henson, whose name was on ballot did not qualify as ordered by said committee, it was found that Henry Pollard did qualify and pay assessed amount of $15.00 as ordered by the committee. Since there was but one candidate qualified, the committee did declare Henry Pollard the Democratic nominee of said Democratic Party from said election, the said Henry Pollard having received 366 votes in said election. The committee voted 12 to 0 in favor of said Pollard.

"This Sept. 2, 1948

"A. R. Burleson, Chairman Marion County Dem. Ex. Com."

Said recapitulation sheet further shows that the votes cast in said special primary election were canvassed by the said committee, beat by beat and box by box, and further that the total vote received by Ben Henson was 383 votes and the total vote received by Henry Pollard was 366 votes. No contest of said third primary election was filed by either Henson or Pollard.

"Recapitulation Sheet for Special Primary Election Held Aug. 31, 1948.

| Beat No. | Box No. | Ben Henson | Henry Pollard |
|---|---|---|---|
| 11 | A | 3 | 100 |
| 15 | A | 224 | 127 |
| 15 | B | 107 | 82 |
| 16 | A | 8 | 39 |
| Absentee Box | | 41* | 18 (*1) |
| Total | | 383 | 366 |

*Notice    Note

On the third day of September, 1948, Ben Henson filed in the Circuit Court of Marion County, Alabama, on the law side of the docket a petition for mandamus against A. R. Burleson, as the chairman of the Marion County Democratic Executive Committee, praying that he be required to certify petitioner's name to the probate judge of Marion County as the Democratic nominee for the office of member of the Marion County Board of Revenue from the Fifth District of said county or show cause.

We take it that the petition for the writ of prohibition, together with the answer of Judge Fite, show that all the requirements of section 366, Title 17, Code of 1940, were complied with, except that A. R. Burleson, as chairman of the Marion County Democratic Executive Committee, failed or refused to certify to the probate judge of Marion County the name of Henson as the nominee of the Democratic Party to the office of member of the Board of Revenue from the Fifth District of said county, but instead certified the name of Henry Pollard as such nominee. In other words, it is not denied that the county executive committee met, received the returns, canvassed and tabulated the same, and publicly declared the result thereof. Section 366, supra.

■ To sustain the petition for writ of prohibition, petitioner relies upon section 235, Title 17, Code of 1940, and our cases which hold in effect that in matters of contest of primary elections, the legislature has deemed it wise to commit the same to party tribunals. Wilkinson v. Henry, 221 Ala. 254, 128 So. 362, 70 A.L.R. 712; Ex parte State ex rel. Tucker, 236 Ala. 284, 181 So. 761; Boyd v. Garrison, 246 Ala. 122, 125, 19 So.2d 385. But as we view the record, the principles involved in this line of cases and the prohibition provided by the statute, have no application here.

■■ The executive committee in canvassing and tabulating the returns and declaring the result thereof, and the chairman in certifying the name of the nominee to the probate judge under the provisions of section 366, supra, exercise a purely ministerial duty. These duties are in no sense judicial. Hudmon v. Slaughter, 70 Ala. 546; Lett v. Dennis, Chairman, 221 Ala. 432, 129 So. 33. In the case of Hudmon v. Slaughter, supra, it was said:

"It is well settled, however, that in a proceeding by mandamus, to compel a board of canvassers to perform their official duties, they can not set up irregularities in the returns, or frauds in the conduct of the election, however gross or monstrous in their character. These are not matters for the consideration of courts, in applications of this kind, at least where another forum has been provided for the contest of the election, by which a complete and adequate remedy is furnished.—High on Extr. Rem. § 56; McCrary on Elec. § 331; State ex rel. Leal v. Jones, 19 Ind. 356, 81 Am.Dec. 403; People ex rel. Cummings v. Head, 25 Ill. 325, 328; Brightly's Elec. Cases, p. 306, note. The basis of the principle lies in the fact, that a canvassing board has no power to discard or reject returns of votes, which on their face appear genuine and regular in form, on the ground of frauds committed in the election.— Lewis v. Marshall County Commissioners, 16 Kan. 102, 22 Am.Rep. 275; Kister v. Cameron, 39 Ind. 488. In the case of the Attorney General ex rel. Bashford v. Barstow, 4 Wis. 567, 749, it was said by the court, that canvassing officers were authorized only 'to add up and certify by calculation the number of votes given for any office;' and it was added that 'they have no discretion to hear and take proof as to frauds, even if morally certain that monstrous frauds have been perpetrated' ".

■ Section 373 et seq., Title 17, Code, provide for primary election contests, and in which the county executive committee acts as a judicial or quasi judicial body. But we are not here dealing with an election contest.

We think it clear enough that mandamus is the proper remedy to compel Burleson to perform the ministerial duty imposed by section 366, supra. Authorities, supra. See, also, 18 R.C.L. section 200, page 273; State ex rel. City of Mobile v.

314

Board of Revenue & Road Comm., 180 Ala. 489, 61 So. 368.

The foregoing questions are within the jurisdiction of the Circuit Court of Marion County, and this necessitates a denial of the writ of prohibition.

Writ denied; petition dismissed.

BROWN, FOSTER, LAWSON, SIMPSON, and STAKELY, JJ., concur.