168 So.2d 483

**Ex parte E. W. SKIDMORE et al.**

**7 Div. 664.**

Supreme Court of Alabama.

Oct. 26, 1964.

Dawson & McGinty, Scottsboro, for respondent.

Rains & Rains and Martin & Floyd, Gadsden, for petitioners.

GOODWYN, Justice.

This is an original petition for a writ of prohibition, or other appropriate writ, to prohibit a circuit judge from exercising jurisdiction of a mandamus proceeding filed in his court in connection with a contest of a nomination for office by a political party. We issued a rule nisi. The respondent judge has moved to strike the petition and to quash the rule nisi; and, without waiving said motions, he has demurred to the petition; and, without waiving said motions and demurrer, he has made a re-

turn and answer to the rule nisi. Our conclusion is that the motions to strike and quash are due to be denied, the demurrer overruled, and a peremptory writ of prohibition issued, as prayed for in the petition; and it is so ordered.

Essentially, the situation is this:

Charles A. Formby and Paul C. Jordan were candidates in the Democratic primary of May 5, 1964, for nomination for the office of Judge of Probate of Cherokee County. Jordan was declared the nominee. Formby then contested said nomination before the Cherokee County Democratic Executive Committee. After a hearing on the contest, the County Committee determined that a new primary election should be held to nominate said Judge of Probate. From this ruling, Formby appealed to the State Democratic Executive Committee. The chairman of that committee appointed a subcommittee of three members to hear the contest. After a hearing, the subcommittee declared Formby to be the nominee and he was so certified. Jordan then filed in the circuit court of Cherokee County a petition for mandamus to require the subcommittee to declare and certify him as the nominee. The Circuit Judge (Jack Livingston) ordered the issuance of the alternative writ of mandamus, as prayed for. The subcommittee members filed a plea in abatement in the mandamus proceeding. Jordan's demurrer to said plea was sustained. The subcommittee members then filed a motion to quash the mandamus petition. The motion was denied. Thereupon, the subcommittee members filed the original petition for prohibition now before us.

After granting the alternative writ of mandamus, Judge Jack Livingston recused himself and Judge Mike Sollie, III, was appointed to hear the case. The rulings on the subcommittee's plea in abatement and motion to quash were made by Judge Sollie. He is made the respondent in the prohibition proceeding now before us.

Since a decision on the merits of the petition for a writ of prohibition will determine the propriety of Judge Sollie's rulings on the motion to strike said petition and the motion to quash the rule nisi, we pretermit any discussion of those rulings.

█  The legislature has deemed it wise to commit primary election contests to party tribunals. See: Code 1940, Tit. 17, §§ 373–394; Ex parte Pollard, 251 Ala. 309, 37 So.2d 178; Ex parte State ex rel. Bragg, 240 Ala. 80, 197 So. 32. It has been held that, when a party committee's jurisdiction to hear a contest of a primary election has been invoked, the committee acquires exclusive jurisdiction to hear the contest, and the circuit court is without power to invade or defeat such jurisdiction. See: Ex parte State ex rel. Bragg, 240 Ala. 80, 197 So. 32, supra. There is no dispute that the county committee acquired initial jurisdiction of the contest. And when that committee directed the holding of a new primary election, Formby had the right to "take an appeal to the State Executive Committee, which shall be the court of final appeal in all party contests of nominations." See: Code 1940, Tit. 17, § 388, supra; Smith v. McQueen, 232 Ala. 90, 166 So. 788. Also, see: Tit. 17, § 382. The appointment of the subcommittee, petitioners here, to decide the contest was authorized by Code 1940, Tit. 17, § 394. So, the petitioners had jurisdiction to determine the contest. The question presented, then, concerns the authority of the circuit court to entertain Jordan's petition for mandamus. The obvious effect of such proceeding, if entertained by the circuit court, would be to oust the subcommittee of its jurisdiction, given by statute, to determine the contest. That would be contrary to the statutes, supra, providing for party contests, as construed by this court in the cases cited, supra.

█  The circuit court, being without power to invade or defeat the subcommittee's jurisdiction, is without power and jurisdiction to entertain the petition for mandamus. Accordingly, the peremptory writ of prohibition, as prayed for, is due to be granted.

Writ granted.

All the Justices concur except COLE-MAN, J., who dissents.

COLEMAN, Justice (dissenting).

In Smith v. McQueen, 232 Ala. 90, 166 So. 788, the court held that under a legislative act which recites: "The State Executive Committee of a political party may determine from time to time what party officers shall be elected in the primary; provided, candidates for all party offices shall be elected under the provisions of this Act unless the method of their election is otherwise directed by the State Executive Committee of the party holding the election;" Act No. 56, General Acts 1931, pages 73, 74; the state committee had power to name delegates to the national convention instead of providing that such delegates be elected in the primary. The case had nothing whatever to do with the contest of a primary election.

In Ex parte Pollard, 251 Ala. 309, 37 So. 2d 178, this court decided that the circuit court had jurisdiction to issue mandamus to compel the chairman of a county executive committee to declare, as provided in § 366, Title 17, that the candidate; who had received a majority of the votes cast in a third primary called under § 388, Title 17; was the nominee of the party. In Pollard, there had been no contest of the third primary. The issues litigated and decided in that case had nothing whatever to do with the determination of a primary election contest. The election contest had been a contest of the second primary. The contest of the second primary had resulted in the calling of the third primary, which was not contested. I do not understand how Pollard can be authority that a circuit court has no jurisdiction to review, by common law writ, the action of a party committee in deciding the contest of a primary election. The opinion recites: "But we are not here dealing with an election contest." 251 Ala. 313, 37 So.2d 182.

Ex parte State ex rel. Bragg, 240 Ala. 80, 197 So. 32, does deal with an election contest. In Bragg, this court held that the circuit court had no jurisdiction to issue a restraining order forbidding the county executive committee to hear a contest which had been brought before the committee as provided by statute. The holding is that the circuit court had no lawful power to forbid the committee to hear the contest in the first instance. The holding is not that the circuit court has no lawful power to review, by common law writ, the action of the committee, after the committee has acted on the contest in the first instance.

§ 388, Title 17, does provide that the state executive committee "shall be the court of final appeal" in contests of primary elections, and it is certainly true that no statute has been cited which provides for an appeal from the decision of the state committee in primary contests. It is elementary law that appeals are statutory and, in absence of statute, an appeal will not lie; so it follows that no appeal lies from the decision of the state committee in primary contests.

Review by common law writ is a different matter. The lack of a statute authorizing an appeal does not deprive a superior court of power to review by common law writ, when the superior court has authority to review inferior courts by such writs.

For example, § 86, Title 13, provides that the Court of Appeals "shall have final appellate jurisdiction." There is no statute providing for appeal from the Court of Appeals to the Supreme Court; yet, the Supreme Court will, by certiorari or other writs, superintend and control, in certain respects, the action of the Court of Appeals. Ex parte Louisville & N. R. Company, 176 Ala. 631, 636, 58 So. 315. This rule of review appears to exist because Section 140 of the Constitution of 1901 provides that the Supreme Court shall have power to issue such remedial and original writs as may be necessary to give the Supreme Court a general superintendence and control of inferior jurisdictions.

§ 126, Title 13, provides that the circuit court has authority to exercise a general superintendence over all inferior jurisdictions, and § 182, Title 13, provides that cir-

cuit judges have authority to grant writs of certiorari, mandamus, and all other remedial and original writs which are grantable by judges at common law. Ex parte Alabama Textile Products Corporation, 242 Ala. 609, 613, 7 So.2d 303, 141 A.L.R. 87.

If then, the state executive committee be an inferior jurisdiction; i. e., a statutory tribunal of limited and special authority empowered to hear and decide certain controversies; then it would seem that the circuit court has power to exercise, by common law writ, general superintendence over the action of the committee, just as the circuit court has power to superintend all other inferior tribunals.

It seems undisputed that the state committee, in the instant primary contest, is such an inferior jurisdiction.

"Section 378 et seq., Title 17, Code of 1940, confer on the county and state party committees powers, such as those conferred on a court of special and limited jurisdiction.

"To support its proceedings its records must affirmatively show jurisdiction. . . ." Boyd v. Garrison, 246 Ala. 122, 126, 19 So.2d 385, 388.

If these premises be correct, then it must follow that the circuit court has power to review, by common law writ, the action of the state committee, or subcommittee, in primary election contests. To grant the writ of prohibition, and to forbid the circuit judge to exercise this power of review in the instant case, is to hold that the circuit judge and the circuit court do not have the lawful authority to review the action of the state committee or subcommittee, statutory tribunals of limited jurisdiction. As indicated, I think the circuit court has such power of review, and, therefore, would not grant the peremptory writ of prohibition, but would quash or discharge the rule nisi as improvidently granted.

This opinion is based on the proposition that the circuit court does have authority to review, by common law writ, the action of the state committee or subcommittee.

Some contention is made that the venue is not proper, and it might be argued that certiorari, and not mandamus, is the appropriate writ in the circuit court; but, as to those questions I express no opinion.