PER CURIAM.
The writ of mandamus in case 85-1203 is granted. The respondent (Judge Jack D. Carl) is directed to enter an order striking the petition for writ of prohibition and petition for intervention filed by Michael Cres-pi, as chairman of the Republican Executive Committee of Henry County, Alabama, and Charles J. Lewis, as chairman of the Republican Executive Committee of Coffee County, Alabama. The respondent Carl is directed to vacate his order of July 15, 1986.
The writ of prohibition or alternative writ of mandamus requested in case 85-1205 is denied.
*31 “The legislature has deemed it wise to commit primary election contests to party tribunals.... It has been held that, when a party committee’s jurisdiction to hear a contest of a primary election has been invoked, the committee acquires exclusive jurisdiction to hear the contest, and the circuit court is without power to invade or defeat such jurisdiction....
“The circuit court, being without power to invade or defeat the the subcommittee’s jurisdiction, is without power and jurisdiction to entertain the petition for mandamus. Accordingly, the peremptory writ of prohibition, as prayed for, is due to be granted.”
Ex parte Skidmore, 277 Ala. 221, 223, 168 So. 2d 483, 484 (1964).
“The Legislature has given the handling of political party nominations to the several political parties, even to the decision as to whether the party will nominate its candidates by primary elections or conventions. Tit. 17, § 336 [now Code 1975, §§ 17-16-1 and 17-16-5].
“To insure that political parties would not be bothered in the handling of their nominating elections and the contests arising therein, as well as other elections of persons to office, courts have no jurisdiction except that ‘specially and specifically enumerated and set down by statute.’ Tit. 17, § 235. This court has followed the statute in Ex parte Skidmore, 277 Ala. 221, 168 So.2d 483, and the cases therein cited.
“In effect, the Legislature has said that political parties can run their party affairs without interruption by the courts, but those affairs must be run within the rules laid down by the Legislature.”
Perloff v. Edington, 293 Ala. 277, 279, 302 So.2d 92, 94 (1974).
The learned trial judge held that subpoenas issued by the clerk (register) of the circuit court are subject to the Alabama Rules of Civil Procedure, and that the circuit court, therefore, acquires jurisdiction to hear all motions concerning subpoenas. We disagree. It is our view that these subpoenas constitute processes of the executive committee or subcommittee, and that the clerk merely acts on behalf of the committee as specifically authorized by Code 1975, § 17-16-84.
Article 2 of Chapter 16, Title 17, provides for the contests of primary elections and confers on the committees of political parties powers such as those conferred on a court of special or limited jurisdiction. Boyd v. Garrison, 246 Ala. 122, 19 So.2d 385 (1944). See Perloff v. Edington, supra. The legislature clearly has the power and authority to invest the agencies of its creation with powers of a judicial nature. Ex parte Darnell, 262 Ala. 71, 76 So.2d 770 (1955); State Tax Commission v. Bailey & Howard, 179 Ala. 620, 60 So. 913 (1912). See Ala. Const. (1901), Amend. 328, § 6.01(b).
MOTION TO EXPEDITE GRANTED; WRIT GRANTED AS TO CASE NO. 85-1203; WRIT DENIED AS TO CASE NO. 85-1205.
TORBERT, C.J., and JONES, ALMON, SHORES, ADAMS and STEAGALL, JJ., concur.
MADDOX and HOUSTON, JJ., concur in the result.
BEATTY, J., not sitting.