SMITH, Justice
(concurring in the result).
I concur in the result in both eases.
In essence, the action filed by Raymond C. Bryan, Rodney James, and Jonathan Thompkins (hereinafter “the petitioners”) is a collateral attack on the election-contest proceedings conducted by the Republican Party in regard to the primary election for the circuit judgeship for the Seventh Judicial Circuit. To the extent Bryan sought a judgment declaring those election-contest proceedings invalid, the trial court had jurisdiction to proceed. Bryan’s status as the contestee adversely affected by the election-contest proceedings is analogous to that of the appellant in Boyd v. Garrison, 246 Ala. 122, 125, 19 So.2d 385, 387 (1944), in which this Court stated:
“[Ijnsofar as the petition seeks to have a declaration as to the validity and legal effect of the contest proceedings, thereby seeking no restraining order or prohibition, we see no reason why the Declaratory Judgment Act, section 156 et seq., Title 7, Code of 1940, is not available. See Avery Freight Lines v. White, 245 Ala. 618, 18 So.2d 394(8), 400 [(1944)].
“We there held that such proceeding was usable to construe the judgment of a court as it affects the rights of parties after that court had lost all control over it and there was an actual controversy as to its meaning or effect as it appears on record; that is ‘whether it is void in toto or in part; whether errors in that decree, if any, were errors reviewable only on appeal, or were jurisdictional; to what extent, if any, (the decree) was without jurisdiction of the court and void.’ ”
As to the claims in Gene Howard’s cross-appeal, I agree that they should be dismissed. Howard did not file an election contest after the primary election; therefore, he was precluded from seeking judicial enforcement of a provision of the Fair Campaign Practices Act (“the FCPA”) based on an alleged violation of the FCPA. See Roper v. Rhodes, 988 So.2d 471 (Ala.2008); Harvey v. City of Oneonta, 715 So.2d 779 (Ala.1998); and Davis v. Reynolds, 592 So.2d 546 (Ala.1991). However, Howard’s claims in intervention in the underlying action seek judicial enforcement of the FCPA. Consequently, the jurisdiction-stripping statute, § 17 — 16—44, Ala.Code 1975, as construed in Davis, supra, and subsequent cases, prevented the trial court from asserting jurisdiction over Howard’s claims.
Finally, the main opinion asserts that “[political parties are not bound by the holdings in Roper, Wood, and Harvey, because a political party, which is clearly not a court, is not bound by § 17-16-44, Ala. Code 1975 (the jurisdiction-stripping statute).” 6 So.3d at 502. I agree with both conclusions: (1) that Roper, Wood, and Harvey do not speak to the issue of a political party’s power to independently enforce the FCPA, and (2) that a political party is not a “court” as that term is used in § 17-16-44. The reason for the first conclusion is evident. However, based on language in Boyd, in which this Court suggested that the legislature gave a limited judicial power to political parties to hear election contests, see Boyd, 246 Ala. at 126, 19 So.2d at 387-88, the petitioners challenge the second conclusion.
In suggesting that the legislature invested political parties with limited judicial powers, the Boyd Court relied on § 139 of the then existing judicial article of the Alabama Constitution of 1901. When Boyd was decided, § 139 allowed the legis *506 lature to give “powers of a judicial nature” to persons through legislation. See Boyd, 246 Ala. at 126, 19 So.2d at 388. However, the judicial article was amended in 1973 to create a unified judiciary. Section 139, as amended, now provides:
“(a) Except as otherwise provided by this Constitution, the judicial power of the state shall be vested exclusively in a unified judicial system, which shall consist of a supreme court, a court of criminal appeals, a court of civil appeals, a trial court of general jurisdiction known as the circuit court, a trial court of limited jurisdiction known as the district court, a probate court and such municipal courts as may be provided by law.
“(b) The legislature may create judicial officers with authority to issue warrants and may vest in administrative agencies established by law such judicial powers as may be reasonably necessary as an incident to the accomplishment of the purposes for which the agencies are created.”
(Emphasis added.) Because of the change in the Alabama Constitution of 1901, political parties may not exercise “judicial power.” Consequently, § 17-16-44, which by its terms applies only to “any judge or court,” does not apply to political parties.
SEE, J., concurs.